# Moore *against* Somerset.

If a note falls due on a Friday and notice of non-payment is not received by
the endorser till Monday following, it would be too late if the parties lived in the
same town: but an affidavit of defence must in such case state the residence of
the maker, so that it may appear notice could have been regularly received in
a shorter time after demand there of payment.

In a suit against the endorser of a note, he must set out affirmatively in his
affidavit of defence sufficient to show negligence in the plaintiff in not giving him
due notice.

The endorser is bound to know the residence of the maker of a note, and in his
affidavit of defence must state at least his belief in regard to it, and that he would
be able to prove it to the satisfaction of a jury.

The defendant in his affidavit of defence must swear to facts: presumptions in
his favour will not supply the want of them.

ERROR to the District Court for the city and county of *Phila-
delphia*, in which Somerset brought suit against Mordecai Moore
on the following note, a copy of which was filed:

*Philadelphia, April* 12, 1841.

$336.     One year after date I promise to pay M. Moore, Jun.
or order three hundred and thirty-six dollars, for value received.

(Signed)     JACOB KECK.

(Endorsed)     MORD. MOORE, JUN.

The defendant filed the following affidavit of defence:

Mordecai Moore, Jun., the above defendant, being duly affirmed
according to law, affirmeth and saith that the note in question on

[Moore v. Somerset.]

which this suit is brought, fell due on Friday the 15th April last; and deponent, who is an endorser on the said note, received no notice of the non-payment of said note until Monday or Tuesday in the following week. Deponent cannot positively say whether the notice was given on Monday or Tuesday; but he thinks and believes that it was on the Tuesday. Said notice was brought to deponent through the post-office, and has been mislaid by him. Deponent also says that he keeps tavern in Spring Garden street, between Seventh and Eighth streets, and has resided in Philadelphia for the last seven years, and is well known to the community. Deponent further says, that he is advised by his counsel, that in consequence of no notice of protest being legally given to him of the non-payment of the note by the drawer, deponent is discharged from liability as endorser.

The court entered judgment for want of a sufficient affidavit of defence; which was now assigned for error.

*Norris,* for the plaintiff in error, cited *Gurly* v. *Gettysburg Bank,* (7 *Serg. & Rawle* 324); *Stuckert* v. *Anderson,* (3 *Whart.* 119); *Smith* v. *The Bank of Washington,* (5 *Serg. & Rawle* 321); *Ireland* v. *Kip,* (10 *Johns.* 490); *Ransom* v. *Mack,* (2 *Hill* 587); *Weakly* v. *Bell,* (9 *Watts* 273).

*St George Campbell,* contra, referred to *Jenks* v. *The Doylestown Bank,* (4 *Watts & Serg.* 509); *Smyth* v. *Hawthorn,* (3 *Rawle* 358); *Smith* v. *The Bank of Washington,* (5 *Serg. & Rawle* 321).

PER CURIAM.—This affidavit contains an assertion of every fact necessary to constitute a defence, but one. The note in suit fell due on a Friday, and notice of non-payment was not received, certainly, till the Monday following; which would be too late, if the parties lived in the same town. But the defendant has not sworn to the residence of the drawer; and as demand of payment was to be made there, it may have been a place so remote, that notice could not be sent from it to the endorser so as to reach him in less than the time sworn to, by the regular operations of the mail. But the defendant may have been unable to swear to the place of his residence. Very well. He is bound affirmatively to make out a case of negligence, and must swear to facts enough to constitute it. If he cannot do that, he cannot swear to a defence. In this case every fact sworn to may be true, and yet the plaintiff be entitled to recover. It is said that, as the note is dated at Philadelphia, the presumption is that the drawer resided there also. But a defendant is bound to swear to facts, not presumptions. This endorser was bound to know the residence of the drawer; and ought to have stated, at least, his belief that he would be able to prove it to the satisfaction of a jury; without which his defence would be incomplete.

Judgment affirmed.