# McConeghy *versus* Kirk.

1. Where a copy is filed in an action against a party secondarily liable, as drawer or endorser on a bill or note under the Affidavit of Defence Law, the presumption is that all steps, such as presentment, &c., to fix liability have been taken, and it is not necessary the plaintiff should aver them.

2. If they do not exist the defendant must deny them in his affidavit of defence.

3. It is not sufficient for defendant to say that he has not received notice; he must state such facts as will justify the inference that there was no notice nor due diligence used.

4. The payees of a note were J. J. & J. P. Kirk, the endorsement was "John J. Kirk," the presumption was that the payees were a firm and the endorser one of them.

5. If it were not so, the defendant, the second endorser, should have averred the contrary.

6. By endorsing the note to the plaintiff, the defendant averred the genuineness and regularity of the previous endorsements.

[McConeghy v. Kirk.]

7. One partner may accept or endorse negotiable paper in his individual name, so as to bind the firm, where it appears to have been on partnership account.

8. Where the payees are a firm, the endorsement by one of the firm is primâ facie on partnership account.

9. Idèntity of name is primâ facie identity of person.

March 17th 1871.   Before THOMPSON,  C. J., READ, AGNEW and SHARSWOOD, JJ.   WILLIAMS, J., at Nisi Prius.

Error to the District Court of *Philadelphia:* No. 62, to July Term 1870.

This was an action of assumpsit, brought March 31st 1870, by Elias Kirk, endorser, against George McConeghy, on a note, a copy of which was filed, as follows:—

"$300                                Feb. 18th 1869.

Nine months after date, I promise to pay to the order of J. J. & J. P. Kirk, at the National Bank of Germantown, three hundred dollars without defalcation, for value received.

THOMAS MCCAFFERTY.

(Endorsed) JOHN J. KIRK,
            GEORGE MCCONEGHY."

"Protested at maturity."

The defendant filed an affidavit of defence: "That the note upon which the above action is brought was endorsed by him without any consideration, solely for the accommodation of the maker, who promised to pay the same at maturity, that he did not receive a notice of the non-payment of the said note at its maturity, and that he believes and expects to prove that plaintiff had full knowledge of the facts herein stated, and he is also advised that the copy filed is not such a paper as entitles plaintiff to judgment for want of an affidavit of defence: all which deponent expects to prove on the trial."

The court entered judgment for the plaintiff for $310.41 for want of a sufficient affidavit of defence.

This was assigned for error on the removal of the record to the Supreme Court by the defendant.

*T. R. Elcock,* for plaintiff in error.—1. Defendant states that "he did not receive a notice of the non-payment of the said note at its maturity:" Story on Prom. Notes, § 299.   There is upon the record no averment that the defendant had been given notice, or that notice had been sent him: Bellemire *v.* Bank of the United States, 4 Whart. 113; Bennett *v.* Young, 6 Harris 261.

2. McConeghy is not liable as endorser, for the note is not negotiable.   It is drawn payable to the order of J. J. & J. P. Kirk.   Before it becomes negotiable, and before McConeghy can

[McConeghy *v.* Kirk.]

become an endorser, it is necessary that the note should be endorsed by J. J. & J. P. Kirk, they being the payees: Pease *v.* Dwight, 6 How. (U. `S.) 199 ; Barto *v.* Schmeck, 4 Casey 447; Schafer *v.* Bank, 9 P. F. Smith 144 ; Murray *v.* McKee, 10 Id. 35 ; Wright *v.* Hart, 8 Wright 454.

3. McConeghy cannot be considered as a guarantor, for the Act of 1855 requires all contracts of guaranty to be in writing.

4. The plaintiff showed no legal title to the note ; there must be an endorsement by J. J. & J. P. Kirk, either by each separately, or, by one in the name of both: Wood *v.* Wood, 1 Harrison 428 ; Smith *v.* Whiting, 9 Mass. 334; Chitty on Bills 39, 132, 394; Canal Bank *v.* Bank of Albany, 1 Hill 287; Bircleback *v.* Wilkins, 10 Harris 26 ; Raymond *v.* Middleton, 5 Casey 529.

5. The note being drawn payable at The National Bank of Germantown, the plaintiff should have averred a presentment at that place: Byles on Bills 169 ; Thomas *v.* Shoemaker, 6 W. & S. 179.

*J. W. Hunsicker* (with whom was *D. H. Mulvany*), for defendant in error.—That the note was endorsed without consideration is no defence: Anspach *v.* Bast, 2 P. F. Smith 356 ; Moseley *v.* Hanford, 10 B. & C. 729 ; Woodridge *v.* Spooner, 3 B. & A. 233 ; Free *v.* Hawkins, 8 Taunton 92 ; Hill *v.* Gaw, 4 Barr 493 ; Mason *v.* Graff, 11 Casey 448. The presumption is that the endorsee received it bonâ fide, in due course of business and for a valuable consideration: Gray's Adm'r. *v.* Bank of Kentucky, 5 Casey 365.

2. The protest is an answer to the allegation of want of notice: Coddington *v.* Davis, 3 Denio 17 ; Seneca Co. Bank *v.* Neass, 5 Id. 330 ; Story on Prom. Notes 386. The endorser may not have actually received notice of non-payment and yet be bound: Woods *v.* Neeld, 8 Wright 86 ; Moore *v.* Somerset, 6 W. & S. 262.

3. The defendant must be presumed to have taken the note on the faith of the prior endorsement, and that endorsement is good and binding on the party who made it: Schafer *v.* Bank, 9 P. F. Smith 144.

The opinion of the court was delivered, March 23d 1871, by

SHARSWOOD, J.—When a copy is filed in an action against a party secondarily liable as the drawer or endorser of a bill of exchange, or the endorser of a promissory note, under the 2d section of the act entitled " An Act to establish the District Court for the city and county of Philadelphia," passed March 28th 1835, Pamph. L. 88, the presumption is that all steps have been duly taken which are necessary to fix liability, such as due presentment, demand of payment at the proper time and place, and

[McConeghy v. Kirk.]

notice of dishonor; nor is it necessary that there should be any averment by the plaintiff of these particulars. The defendant must deny them in his affidavit if they do not exist: Sleeper v. Dougherty, 3 Whart. 177. Nor is it sufficient for him in such case to say that he has not received notice. He must go further, and state such facts as will justify the inference that no notice has been given or due diligence used: Moore v. Somerset, 6 W. & S. 262.

It is urged, however, that the copy filed in this case shows no endorsement by the payees, and that the defendant assumed the position of third endorser on the note, with the condition implied that the payees should assume that of first endorser, so as to give him recourse against them: Schafer v. The Farmers' and Mechanics' Bank, 9 P. F. Smith 144. The presumption, however, certainly is, that J. J. & J. P. Kirk, to whose order this note was drawn, constituted a firm or partnership, and it is an equally reasonable presumption that "John J. Kirk," the first endorser, was the J. J. Kirk, a member of that firm. If these facts were not so, it was incumbent upon the defendant to aver the contrary. By endorsing the note to the plaintiff he affirmed the genuineness and regularity of the previous endorsements before his own. It is not the case of no endorsement by the payees; but of an endorsement by one of the payees constituting a firm or partnership. Now, it appears to be well settled and recognised by the most approved elementary writers, that one partner may accept or endorse negotiable paper in his individual name, so as to bind the firm, whenever it sufficiently appears to have been on partnership account. "In all contracts concerning negotiable paper," says Chancellor Kent, "the act of one partner binds all, and even though he signs his individual name, provided it appears on the face of the paper to be on partnership account, and to be intended to have a joint operation:" 3 Kent's Com. 41; Chitty on Bills 58; Byles on Bills 44. "If a bill," says Lord Kenyon, "is drawn upon the partnership, in their usual style and firm, and it is accepted by one of the partners, it certainly binds the partnership to the payment of it:" Wells v. Masterman, 2 Esp. 731; Manson v. Rumsey, 4 Cowp. 384; Dolman v. Orchard, 2 C. & P. 104. Here a note made to the order of a firm, is endorsed by one of the firm. Primâ facie it is a partnership act, binding upon the firm. It devolved upon the defendant below to deny it, if John J. Kirk was not a member of the firm of J. J. & J. P. Kirk, the payees. Identity of name is primâ facie evidence of identity of person. The transactions of the world would not go on if this were not so: Byles on Bills 422.

Judgment affirmed.