96　　135
23 SC　469

# McPherson versus The Allegheny National Bank.

In an action against the endorser of a promissory note he denied absolutely in his affidavit of defence that he had received any notice whatever of non-payment: Held, that this was sufficient to send the case to a jury.

November 5th 1880. Before Sharswood, C. J., Mercur, Gordon, Trunkey, Sterrett and Green, JJ. Paxson, J., absent.

Error to the Court of Common Pleas, No. 1, of Allegheny county: Of October and November Term 1880, No. 47.

Case by the Allegheny National Bank against James McPherson.

[McPherson *v.* Allegheny Nat. Bank.]

The following was the plaintiff's affidavit of claim :

"Personally came Wilson McCandless, who being duly sworn deposes and says, that he is the cashier of the Allegheny National Bank, the above named plaintiff, and that James McPherson, the defendant, is justly and legally indebted to the said plaintiff in the sum of $165, with interest from the 19th day of August 1878, and $1.50 protest fees ; which indebtedness arises from a certain promissory note duly made and delivered by Samuel Sarver, in the words and figures following :

'$165.                            Pittsburgh, April 16, 1878.

Four months after date I promise to pay to the order of James McPherson, one hundred sixty-five dollars, at Allegheny Nat. Bk. Without defalcation.   Value received.      SAMUEL SARVER.

JAMES MCPHERSON,
SAMUEL NEELY.'

"And said note was duly endorsed by defendant, and came for value in the usual course of business into plaintiff's possession, and plaintiff is the holder thereof.   And the said note was not paid at maturity, although presented for payment at the place therein appointed.   Whereupon the same was protested, of all of which defendant had due notice.   And the whole amount of said note is still due and unpaid."

The defendant filed the following affidavit of defence :

"That he has a legal defence to said note, to wit: Said affiant had no notice of protest, nor notice of any kind whatever until the present notice from the sheriff ; so that said affiant had no notice of protest from the bank or anybody else, although said note purports to be due the 18th day of August 1878, and was of the opinion that the note was paid by Samuel Sarver, the party who signed the note and the one to pay the note.  For this reason, having no notice of protest from any person, said affiant verily believes he is not indebted to the plaintiff on the said note, and which affiant is prepared to show when the trial comes on in this case.   The notice served by the sheriff was on Monday the 2d day of December 1878."

And subsequently defendant filed the following supplemental affidavit of defence :

"That he is informed and believes and expects to be able to prove on the trial of the case, that he has a just and legal defence to the whole of plaintiff's claim, in this, to wit: that no presentment was made to the maker of said note, by any person whatever, that no personal demand was made upon the maker by any person whatever ; that plaintiff as holder of said note did not use due diligence to ascertain the residence of the maker and endorser, and to give such information to the notary ; that due notice of non-payment was not given to affiant or the maker ; that affiant did not receive

[McPherson v. Allegheny Nat. Bank.]

any notice whatever, either verbal or in writing, actual or con-structive, until writ or summons received from sheriff of suit pend-ing on said note, and that was the first and only notice received by affiant in regard to said note, as affiant believed that the said note had been long since paid; that the writ in the above case was served on affiant on the 2d day of December 1878, one hundred and five days after said note is purported to be due; that the said note was dated Pittsburgh, while the maker and affiant lived in Sewickley township, Allegheny county, some seventeen miles from said city of Pittsburgh; affiant calls upon the plaintiff to produce original note, and prove the same, and also to prove protest of said note together with the actual notice to said maker or endorser thereon, and the presentment and personal demand upon the parties on said note."

A rule was taken for judgment for want of a sufficient affidavit of defence, which the court made absolute, when the defendant took this writ and alleged that the court erred in their action.

*Whitesell & Son* and *Barton & Son*, for plaintiff in error.— It is the duty of the holder to use due diligence to ascertain the residence of the maker and endorser, and to give such information to the notary, otherwise the endorser is discharged: Smith *v.* Frazier, 3 P. F. Smith 226.　The supplemental affidavit of defence set forth these words, and the court below committed an error in making rule for judgment absolute, and entering judgment in the face of this decision, and the cases therein cited.　The dating of a note at a particular place does not make it payable there, so as to excuse a presentment at maker's place of residence: Lightner *v.* Will, 2 W. & S. 140.　The note is dated at Pittsburgh, but said note does not say payable at the Allegheny National Bank of Pittsburgh, but simply "the Allegheny Nat. Bk."　If due notice of non-payment be not given, the endorser is discharged: Bank of North America *v.* McKnight, 2 Dall. 158.　An endorser is fixed by due notice of non-payment, a protest is not requisite: Stephenson *v.* Dickson, 12 Harris 148.　What is due notice is, in Pennsyl-vania, a matter of fact to be decided by the jury.　The affidavit of claim does not set forth that defendant had notice of non-payment of said note, while the defendant denies that notice of non-pay-ment was given.

*George Shiras, Jr.,* and *C. C. Dickey,* for defendant in error.— In an action on a note, payable at a particular place, it is not necessary to aver a presentment at that place; it will be presumed: Rahm *v.* Philadelphia Bank, 1 Rawle 335; Sherer *v.* Easton Bank, 9 Casey 134; Hallowell *v.* Curry, 5 Wright 322; Fitler *v.* Beck-ley, 2 W. & S. 458.　The defendant does not deny that the notice was sent to him.　It is not sufficient for him to say that he has not

[McPherson *v.* Allegheny Nat. Bank.]

received notice; he must go further and state such facts as will justify the inference that no notice was given or due dilgence used: McConeghy *v.* Kirk, 18 P. F. Smith 201. If the defendant resides out of the place where the note was protested, notice sent by mail to the nearest post-office to defendant's residence would be sufficient, whether he received it or not: Woods *v.* Neeld, 8 Wright 86. That this was done is not denied by either of the affidavits of defence. It appears that the defendant resided outside of the limits. of the city of Pittsburgh, and in absence of a denial that notice was so mailed to him, such mailing will be presumed: McConeghy *v.* Kirk, *supra*. The defendant is bound affirmatively to make out a case of negligence. He must swear to facts sufficient to constitute it, and to show that he did not receive notice actual or constructive: Moore *v.* Somerset, 6 W. & S. 262.

Mr. Justice GREEN delivered the opinion of the court, November. 22d 1880.

This was an action by the holder against the endorser of a negotiable promissory note. The plaintiff filed an affidavit of claim with a copy of the note, and alleged therein that the note was endorsed by the defendant and came to the plaintiff's possession in the usual course of business; that the note was not paid at maturity though presented at the place of payment thereon appointed, and concluded "whereupon the same was protested, of all of which the defendant had due notice." Although the averments of title, of presentment for payment, of non-payment and of notice thereof to the endorser, are somewhat meagre in this affidavit of claim, we think they are sufficient to put the defendant to an affidavit of defence in order to prevent judgment. An affidavit of defence was filed which was manifestly insufficient, but subsequently and before judgment, a supplemental affidavit was filed, and upon this the court below entered judgment against the defendant, for insufficiency we presume, as no opinion was filed. Amongst other things the supplemental affidavit contains the following averment: "that due notice of non-payment was not given to affiant or the maker; that affiant did not receive any notice whatever, either verbal or in writing, actual or constructive, until writ or summons received from sheriff of suit pending on said note, and that was the first and only notice received by affiant in regard to said note." This is a positive averment that due notice of non-payment was not given to the endorser, and also that he never received any notice of any kind until suit was brought. Now the affidavit of claim makes no particular and precise averment of notice of non-payment to the endorser. It does not state when or in what manner it was given, nor does it give any particulars of the protest. Its averment of notice is in the most general language, thus, "of all of which defendant had due notice." Such an averment as this, if

[McPherson *v.* Allegheny Nat. Bank.]

denied in the terms of the allegation, is sufficiently denied for the purposes of an affidavit of defence. The plaintiff, in his affidavit, says "the defendant had due notice." The defendant, in his affidavit, says "due notice of non-payment was not given to affiant." The substance of plaintiff's allegation is that defendant had notice. The substance of defendant's allegation is that no notice was given to him, and he supplements this by a more specific denial than was really required, by saying that he never received any notice whatever until suit brought. This is a full denial, in the very terms of the plaintiff's allegation, of the vital fact of notice. It puts the plaintiff to proof of the notice before it can recover. It is difficult to see how the defendant could possibly have made any more specific denial than he did. Had the plaintiff alleged that on a certain day named, a certain person, also named, had deposited in the proper post-office a letter addressed to the defendant, at his proper post-office, containing a written or printed notice that the note had been presented for payment at the proper place and time and was not paid, it might well have been claimed that these facts must have been negatived by a specific denial in the affidavit of defence. But without such averments it would be asking the impossible to require such denial, since the defendant could not know that such facts were averred against him. The court below could not, and we, certainly, do not, know how the fact of notice is to be made out. How then, in the face of the defendant's denial, can any judgment be rendered against him on the present state of the record?

It is sufficient if an affidavit of defence sets forth facts showing a substantial prima facie defence, which can probably be established. It is not necessary for the defendant to meet by his oath every objection or argument against his case which fine critical skill may deduce: Leibersperger *v.* The Reading Savings Bank, 6 Casey 531. An affidavit of defence is sufficient, if it set forth in words or by necessary inference therefrom, the indispensable elements of a good defence: Selden *v.* Neemes, 7 Wright 421. An affidavit which puts the plaintiff upon proof of any matter *dehors* the instrument sued on, is sufficient to prevent judgment: Hunter *v.* Reilly, 12 Casey 509. We are clearly of opinion that the affidavit of defence was sufficient to put the plaintiff to proof, and that there was error in entering judgment against the defendant.

　　　　　Judgment reversed, and *procedendo* awarded.