# The Historical Publishing Co. *v.* H. G. Hartranft, Appellant.

*Promissory note—Accommodation indorsement—Loan of credit.*

An accommodation indorsement of a negotiable promissory note is, prima facie, a loan of the indorser's credit and it is no defense to an action by a bona fide holder for value to allege and show that as between the indorser and the maker the note was without consideration and that this was known to the indorsee; for to permit this would defeat the purpose for which he loaned his credit.

*Promissory note—Accommodation indorsement—Sufficient defense.*

It is not a sufficient defense to an action against an indorser to allege that the indorsee has in his possession property of the maker upon which he has a lien for this and other debts, and that he has obtained judgment against the maker for those debts. He has a right to hold on to all his securities until he obtains satisfaction.

*Promissory note—Notice of protest.*

Notice of protest being duly alleged it is not sufficient for an indorser to deny in his affidavit that he received such notice; he must go further and state such facts as will justify the inference that no notice has been given nor due diligence used.

*Practice, C. P.—Affidavit—Allegation and denial of notice.*

Where the question is whether notice of dishonor has been sent to the indorser, an affidavit of defense which positively avers that he never received notice of any kind, in any way, or from any person, and also avers facts from which a jury would be justified in finding that he would have received notice if the plaintiff had used due diligence in sending it, is sufficient to prevent judgment.

Submitted Oct. 8, 1896.    Appeal, No. 62, Nov. T., 1896, by defendant, from judgment of C. P. No. 1, Phila. Co., Dec. T., 1895, No. 306, in favor of plaintiff for want of a sufficient affidavit of defense.    Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ.    Reversed.

Appeal from magistrate.    Assumpsit on a promissory note.

It appeared from the plaintiff's statement of claim that suit was brought on a promissory note for $85.40 drawn by Rufus C. Hartranft and indorsed by H. G. Hartranft.    The statement further averred that the plaintiff was the holder of the said promissory note, and took the same in the usual course of business before it was due, for a valuable consideration, and that demand for payment was made on the maker, Rufus C. Hartranft, at the time the note fell due according to the terms thereof, and payment refused, and said note was duly protested for nonpayment, and notice sent to the indorser, the defendant in this suit.

The following is a true copy of the protest paper attached to the said note:

"UNITED STATES OF AMERICA.

"$85.48                PHILADELPHIA, June 3, 1895.

"Sixty days after date I promise to pay to the order of H. G. Hartranft Esq., Eighty five 48/100 Dollars at No. 727 Sansom st. without defalcation for value received.

"No.    Due Aug. 25,

"(Signed)    RUFUS C. HARTRANFT.
"(Endorsed)    H. G. HARTRANFT.

"HISTORICAL PUBLISHING CO.

"H. S. Smith, Prest.

"Be it Known, That on the day of the date hereof, at the request of The Independence National Bank of Philadelphia,

the holder of the original promissory note of which true copy is above written I, the undersigned, Notary Public for the Commonwealth of Pennsylvania, by lawful authority duly commissioned and sworn, residing in the City of Philadelphia, during the usual hours of business for such purposes, went with the same to the place of business of the maker, No. 727 Sansom Street, where it is made payable (at 4.15 o'clock P. M.), in order to demand the payment thereof, and found the same closed, locked and unattended, and no one there to answer respecting the note, or to pay the same.

"Whereupon, I, the said notary, at the request aforesaid, have protested, and do hereby solemnly protest, against all persons, and every party concerned therein, whether as maker, drawer, drawee, acceptor, payor, endorser, guarantee, surety, or otherwise howsoever, against whom it is proper to protest, for all exchange, re-exchange, costs, damages and interest, suffered and to be suffered for want of payment thereof. Of which demand and refusal I duly notified the endorsers.

"Thus done and protested, at the city of Philadelphia, aforesaid, the fifth day of August, 1895.

"WM. J. P. ALLEN,<br>"Notary Public."

The affidavit of defense averred that defendant was an accommodation indorser, also that plaintiff held certain other collateral belonging to the maker of the note sufficient to liquidate the claim against him, and specifically on the question of notice averred as follows:

"Deponent says that he never had or received any notice of protest from the plaintiff or from any other person of the nonpayment of said note at the time of its maturity, or that said note was presented to the maker, and that payment was by him refused, nor did he receive any notice of its nonpayment until the time suit was brought therein before magistrate Devlin; although deponent has been a continuous resident of the city of Philadelphia since 1851 and is well known as a member of the bar since 1860, having had a residence and office in said city near the courthouse during all of that time."

*Errors assigned* were, (1) entry of judgment for plaintiff; (2) in not holding affidavit of defense sufficient to send the case

62    PUBLISHING CO. *v.* HARTRANFT, Appellant.

Assignment of Errors—Opinion of the Court. [3 Pa. Superior Ct.

to a jury, on the questions of fact as to the note in question being an accommodation note, and as to the question of notice to the defendant of nonpayment on the part of the maker.

*W. T. Aldrich* and *H. G. Hartranft*, for appellants.

*S. W. Cooper*, for appellee.

OPINION BY RICE, P. J., December 7, 1896:

An accommodation indorsement of a negotiable promissory note is, *prima facie*, a loan of the indorser's credit and it is no defence to an action by a *bona fide* holder for value to allege and show that as between the indorser and the maker the note was without consideration and that this was known to the indorsee; for to permit this would defeat the purpose for which he loaned his credit: Philler v. Patterson, 168 Pa. 468, 483; Peale v. Addicks, 174 Pa. 543, and cases there cited.

Nor is it a sufficient defense to an action against an indorser to allege that the indorsee has in his possession property of the maker upon which he has a lien for this and other debts, and that he has obtained judgment against the maker for those debts.   He has a right to hold on to all his securities until he obtains satisfaction.   Neither of these defenses requires further discussion.

The only question of any difficulty raised by the affidavit of defense is as to notice to the defendant of the dishonor of the note.

Where, in an action against an indorser of a promissory note, the plaintiff files with his statement of claim a copy of the notary's certificate of protest, and avers that all the steps were taken which are necessary to fix the liability of an indorser— such as due presentment, demand of payment at the proper time and place, and notice of dishonor—it is not sufficient for the defendant to say in his affidavit of defense that he has not received notice.   For it may be true that he did not actually receive notice and yet the holder may have done all that was necessary to give him notice.   " He must go further and state such facts as will justify the inference that no notice has been given or due diligence used: " McConeghy v. Kirk, 68 Pa. 200; Moore v. Somerset, 6 W. & S. 262.   But while the certificate

of a notary in respect to the dishonor of commercial paper, and of notice to the drawers, acceptors, or indorsers thereof is *prima facie* evidence of the facts therein stated, it is not conclusive, but may be contradicted by other evidence: Act of January 2, 1815, 6 Sm. L. 238; Act of December 14, 1854 (P. L. 1855), 724. The defendant's averment, that he never received notice of any kind, in any way or from any person is as strong as language could make it, and if he were to swear as positively on the trial of the case, a jury would be warranted in finding that he did not receive actual notice. Indeed the plaintiff does not aver that he had such notice, but only that notice was " sent to the endorser." But it may be said, it is not necessary to give the indorser actual personal notice; it is sufficient to hold him if notice was mailed to him or was delivered by messenger at his residence or office. Let this be conceded, and still it does not follow that the defendant is not entitled to have the question of fact as to the sending of the notice decided by a jury. Proof that notice of dishonor was not received is not conclusive evidence that it was not mailed, but where the question of fact is, whether the notice was duly mailed, how is the defendant to meet the issue except by proof that it was not received? When it appears further, that he is a well known person, and has a well known and long established residence and office, in a city where there is a regular postal delivery, would not the fact that he did not receive notice—although living in the same city as the maker and indorsee—be some evidence on the trial that it was not sent? Undoubtedly it would be. Where the issue is, whether a letter was received, the fact that it was duly addressed, stamped and deposited in the mail is evidence from which a jury may infer that it was received by the person to whom it was addressed. This is so because there is a natural probability or natural presumption founded in common experience that it reached its destination. But before this natural presumption or probability arises the fact of the mailing of the letter must be established satisfactorily, and the fact that the letter was not received bears directly upon that question, because of the probability that if it had been duly mailed it would have reached its destination.

This probability may be strong or weak according to the circumstances of each particular case, but, as it is a presumption

or inference of fact and not of law, the question is generally for the jury. Here the question is whether notice of dishonor was "sent to the endorser." The defendant was obliged to meet that specific allegation and we may assume that, if notice was sent to him in any authorized way, the fact that it did not actually come to his hands would not be a defense. But was the notice sent, did the plaintiff use due diligence? On the one hand we have the notary's certificate that he "duly notified the endorsers" and the plaintiff's averment that notice was "sent to the endorser," without stating how, or when, or to what place, the notice was sent, and on the other hand the defendant's positive denial that he either had or received notice. If we were to scrutinize the affidavit with the same strictness as if it were a special plea, it would require no great strain to hold that a denial that he had notice is equivalent to a denial that he was notified. Thus viewed the denial of notice is as definite as the plaintiff's affirmation of it. But it is unnecessary to quibble over the legal signification of such an averment standing alone. This general and positive denial that he either had or received notice is coupled with an averment of facts from which a jury might find that he would have received notice if the plaintiff had used due diligence in sending it. This fairly brings the case within the rule laid down by Judge SHARSWOOD, in McConeghy v. Kirk, supra. If the plaintiff had stated specifically how, when, and to what place, notice was sent, a different question would be presented. As was intimated in McPherson v. Allegheny Nat'l Bank, 96 Pa. 135, a more specific denial might then have been required. Be that as it may, viewing the affidavit in the light of the indefinite averment in the statement, it is sufficient to prevent judgment and to put the plaintiff to proof; it raises an issue of fact which the defendant is entitled to have submitted to a jury.

We all concur therefore in the conclusion that it was error to enter judgment against him.

Judgment reversed and a procedendo awarded.