# Howard R. Deacon *v.* Theophilus W. Smaltz, executor of Mary E. Smaltz, deceased, Appellant.

*Affidavit of defense—When sufficient.*

Where an affidavit of defense is, in denial, as broad as the material averments of the declaration, it is sufficient to prevent judgment.

*Promissory note—Notice of protest—Question for jury.*

Where an affidavit sets up "that no notice of the nonpayment of the note sued upon was in fact given to or received by the indorser defendant" such denial raises such an issue of fact as defendant is entitled to have submitted to the jury.

Argued Oct. 17, 1898.　Appeal, No. 134, Oct. T., 1898, by defendant, from judgment of C. P. No. 4, Phila. Co., March T., 1898 No. 1,000, for want of a sufficient affidavit of defense. Before RICE, P. J., REEDER, ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ. Reversed. Opinion by SMITH, J. RICE, P. J., filed dissenting opinion in which ORLADY, J., concurs.

Rule for judgment for want of a sufficient affidavit of defense. Before the court in banc.

It appears from the record that suit was brought on a note dated April 29, 1896, signed by T. W. Smaltz for $440, two years after date, indorsed by Mary E. Smaltz. Mary E. Smaltz died on July 27, 1897, and letters testamentary were granted to Theophilus W. Smaltz, the maker of the note. The statement alleged at the maturity of the note, to wit: April 29, 1898, it was presented to the maker at the northeast corner American and Cambria streets, and payment demanded, which was refused and answer made, "It will be attended to," whereupon the said note was duly protested and the indorsers and also T. W. Smaltz, executor of the said Mary E. Smaltz, deceased, the maker, duly notified.

The affidavit of defense set up as follows:

That the averment in said recited statement that after the said note was duly protested T. W. Smaltz, executor of the estate of Mary E. Smaltz, deceased, the first indorser, was duly notified, is not true; that no notice of the nonpayment of said note

was in fact given to or received by the said T. W. Smaltz, executor of the said Mary E. Smaltz, deceased, indorser of said note as aforesaid.

Judgment was entered in favor of plaintiff for $447.58. Defendant appealed.

*Error assigned* was making absolute rule for judgment.

*John C. Bell,* for appellant.—Under all the decided cases the averments in the affidavit raise a question for the jury: Publishing Co. v. Hartranft, 3 Pa. Superior Ct. 59; McPherson v. Bank, 96 Pa. 135; Peale v. Addicks, 174 Pa. 543.

The further averment in the statement, that defendant was "duly notified," is likewise defective and insufficient, because it is also the averment of a legal conclusion, plaintiff's conclusion, which is predicated on facts not stated: Bank v. Ellis, 161 Pa. 241; Newbold v. Pennock, 154 Pa. 591.

It is settled law that protest of a promissory note is not necessary; what is necessary is that notice of nonpayment shall be given the indorser: Stephenson v. Dickson, 24 Pa. 148; Arnold v. Niess, 36 L. I. 437.

It is also settled law that "notice does not mean mere knowledge, but an actual notification:" Byles on Bills, 213; Bank v. Hale, 16 S. & R. 157.

*J. Quincy Hunsicker,* for appellee.—The affidavit of defense is not responsive. It does not meet the plaintiff's averments, but is evasive. Conceding the correctness of the principle that in passing "upon the sufficiency of an affidavit of defense the material averments of fact contained therein must be accepted as true," it has no application to immaterial, irrelevant, obscure or evasive averments: Bank v. Miller, 179 Pa. 412.

The defendant does not say "that he never received notice of any kind in any way or from any person," like in McPherson v. Bank, 96 Pa. 135, but merely that "no notice of nonpayment of said note was, in fact, given to or received by defendant, executor, etc., indorser," a very guarded, limited and qualified denial. The statement of claim fulfils every requirement under the rules of pleading and common law: McConeghy v. Kirk, 68 Pa. 200; Moore v. Somerset, 6 W. & S. 262.

Knowledge in this case under all the circumstances ought to be regarded as equivalent to notice: Caunt v. Thompson, 7 M. G. & S. 400.

OPINION BY SMITH, J., April 17, 1899:

The defendant is sued as executor of the indorser of a note. He is not called upon, therefore, to meet a claim against him personally, but to make defense to the testator's contract of indorsement. In law this contract is that if, upon due presentment at maturity, the note be not paid by the maker, the indorser, upon due notice thereof, will pay it. The question here raised is whether the defendant, as executor of the indorser, was duly notified of the nonpayment of the note; more precisely: has such notice been adequately denied by the affidavit, so as to make this a question for the jury? The material averment of the declaration is: "At the maturity of said note . . . . it was presented to the maker . . . . and payment demanded, which was refused, and answer made, 'It will be attended to.' Whereupon the said note was duly protested, and the indorsers, and also T. W. Smaltz, executor of the estate of Mary E. Smaltz, deceased, the first indorser duly notified." To this it is replied: "That the averment in said recited statement, that after the said note was duly protested, T. W. Smaltz, executor of the estate of Mary E. Smaltz, deceased, the first indorser, was duly notified, is not true; that no notice of the nonpayment of said note was in fact given to or received by the said T. W. Smaltz, executor of the said Mary E. Smaltz, deceased, indorser of said note as aforesaid."

This case should not be made to turn on alleged statements of the maker at the time of demand. The material questions relate to a demand of the maker at maturity, nonpayment and due notice thereof to the indorser. The demand is material only as the first step in the process of charging the indorser, and would be ineffectual for this purpose unless followed by due notice to the indorser. It is explicitly averred in the affidavit "that no notice of the nonpayment of said note was in fact given to or received by the executor of the indorser." The affidavit is, in denial, as broad as the material averments of the declaration, and this has often been held sufficient to stay the judgment: McPherson v. Bank, 96 Pa. 135. The averment in

the declaration sets forth a circumstance which, it is contended, implies notice. But the direct and absolute denial of notice is certainly broad enough to meet an allegation from which, at best, notice is only to be inferred. This denial raises an issue of fact which the defendant is entitled to have submitted to the jury: Publishing Company v. Hartranft, 3 Pa. Superior Ct. 59.

There is a serious doubt, presented in the plaintiff's statement, as to what in fact was meant by the demand and the maker's response thereto. It is not alleged that the defendant was told that he would be held as executor of the deceased indorser, nor is any explanation given of the defendant's reply "It will be attended to." This response to a demand resting on his direct personal liability, with no reference to his representative character, does not necessarily imply action in that character. Demand on the maker and notice of nonpayment are not equivalents, in purpose or legal effect. The principal and distinctive purpose of a demand on the maker is not merely to lay ground for notice of dishonor to indorsers. The primary object is to obtain payment of the principal debtor, as required by the contract. It is therefore reasonable to presume, in the absence of all averment to the contrary, that this was the object of the demand in the present case. The holder had a right to look to the maker alone, and, under the statement, that may have been the understanding of the parties. This question of intent was for the jury. The legal effect of demand on a maker who is also executor of an indorser of the same paper, is not a question for determination at this stage of the case; by the declaration that question is made to depend on an uncertain averment, resting in parol, which can be better understood when more fully and clearly presented. The defendant has denied, in unequivocal terms, a material allegation of the declaration which goes to the whole claim, and this is sufficient to carry the case to the jury.

Judgment reversed and procedendo awarded.

RICE, P. J., dissenting:

Before the note in suit became due Mary E. Smaltz, the indorser, died, and letters testamentary were issued to Theophilus W. Smaltz, the maker. Suit was brought against him as executor of the indorser, and in his amended statement filed by leave of

court, the plaintiff averred: "At maturity of said note, to wit: April 29, 1898, it was presented to the maker at the northeast corner of American and Cambria streets and payment demanded, which was refused, and answer made, 'It will be attended to.'" This averment is not denied in the affidavit of defense; therefore the facts averred must be taken as admitted for present purposes. The question is whether the defendant had such notice of the dishonor of the paper as the law requires in order to bind him, as executor of the indorser.

The object of notice is twofold, first, to give the indorser prompt information of the dishonor of the paper so that he may take measures for his own security; second, to warn him that the holder intends to stand on all his legal rights both as against him and the maker. For the latter reason mere knowledge is not equivalent to notice; but on principle as well as the great weight of authority the intention to hold the indorser need not be expressly asserted in the notice. When he receives notice from the proper source that the note has been dishonored he may and ought to infer that he will be held responsible. In the present case—to adopt with slight changes the language of the court in Caunt v. Thompson, 7 Mann., Grang. & Scott, 400, 411—the defendant knew that the note was dishonored, and he knew it from the best source, namely, his own personal act in refusing payment when presented by the holder; and he knew from the same source that time had not been given to the maker, and that the holder had done nothing to indicate an intention to look only to the maker. Therefore, he had all the information coming from the proper source which notice ought to convey; and knowing that, he would also know that the holder had placed himself in a situation to call upon him as executor of the indorser for payment, from which, to adopt the view of the modern decisions, he might infer that he would be called upon. Indeed, it would not be going too far to say that he was called upon in both capacities and that when, after the paper was dishonored, he said, "It will be attended to," he was speaking in his representative capacity as well as for himself. "This," to quote further from Caunt v. Thompson, "is very different from the knowledge which has been spoken of as not being equivalent to notice, and is at least as much notice as the notice spoken of by ALDERSON, J., in Miers v. Brown. Indeed there would be some

absurdity in requiring that the plaintiff should have stated to the defendant at the time when he dishonored the bill: "Take notice that this bill has been dishonored by you.'" See also West Branch Bank v. Fulmer, 3 Pa. 399.

The case, it seems to me, might be rested here without further discussion were it not for the argument that the question has been ruled the other way in this commonwealth in the cases of Juniata Bank v. Hale, 16 S. & R. 157, and Groth v. Gyger, 31 Pa. 271. In those cases it was attempted to hold the defendants as indorsers upon the ground of the knowledge which they, as administrators of the maker, had or were presumed to have of the nonpayment of a note which fell .due after their appointment. It does not appear in either of these cases that demand for payment was made upon the defendants personally and that, coupled with their failure or refusal to pay was a promise to attend to the matter. There was no such unequivocal evidence of an intention on the part of the holder to stand on all his legal rights as appears in the present case. In the first case the trial judge held that neither demand of payment nor notice of nonpayment was necessary to hold the indorsers in a case where they became administrators of the estate of the deceased maker before the day of payment. This was held to be error. In the second case the note was payable at a bank and was presented there. In Magruder v. The Union Bank, 3 Pet. 87, there was neither demand nor notice prior to bringing suit. In all of these cases there was knowledge, or presumed knowledge, on the part of the administrators of the nonpayment of the notes at maturity, but that was all. The point decided was that mere knowledge is not equivalent to notice, and this, as a general proposition, is true, but I do not think this case comes within the principle.

The amended statement filed by leave of court cured the defect in the original statement, and as the defendant filed an affidavit of defense to the latter there was no error of which he can now complain in permitting the amendment pending the demurrer.

For the reasons above suggested I would affirm the judgment. Judge ORLADY authorizes me to say that he concurs in the foregoing conclusion.