# Kensington National Bank *v.* Ware, Appellant.

*Partnership—Promissory notes—Indorsement in firm's name—Affidavit of defense.*

In an action against a partnership consisting of two persons as indorsees of a promissory note, an affidavit of defense by one of the partners, merely to the effect that the indorsement was made by the other partner without any authority to do so, is insufficient to prevent judgment.

In the absence of an agreement forbidding or limiting his right to contract, one partner has the same right as another to bind the partnership within the scope of its business.

In an action against a partnership as indorsee of a promissory note, an averment in the affidavit of defense filed by one of the partners that he had no notice of the protest is insufficient, and this is so even if the affidavit avers that if the other partner received notice he had fraudulently suppressed it.

In an action by the indorsee of a negotiable note against the maker the defendant may change the burden of proof by showing that the note was obtained from him or from some intermediate party by fraud,

felony or force, or that it was lost, in which case the plaintiff is called upon to show that he is the holder of the note for value before maturity without notice.  Where such defense is relied upon to prevent judgment for want of an affidavit of defense it is incumbent upon the defendant to aver facts sufficient to overcome the plaintiff's prima facie title, and thus put the plaintiff to proof that he is the holder of the note by purchase for value before maturity without notice.

Argued Oct. 4, 1906.  Appeal, No. 22, Oct. T., 1906, by defendant, from order of C. P. Phila. Co., Sept. T., 1905, No. 3,727, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Kensington National Bank v. John H. Ware and Frank P. Conrey, trading as The Export Fruit Cleaning Company.  Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ.  Affirmed.

Assumpit on a promissory note.
The facts appear by the opinion of the Superior Court.

*Error assigned* was the order of the court.

*Harris S. Sparhawk*, for appellant, cited : Hutchinson v. Boggs, 28 Pa. 294; Hoffman v. Foster, 43 Pa. 137; Lerch Hardware Co. v. First Nat. Bank of Columbia, 109 Pa. 240; Real Estate Investment Co. v. Russel, 148 Pa. 496; Loeb v. Mellinger, 12 Pa. Superior Ct. 592; Sloan v. Union Banking Co., 67 Pa. 470; Deacon v. Smaltz, 10 Pa. Superior Ct. 151.

*John Lamon*, for appellee, cited : Winship v. Bank of U. S., 30 U. S. 529, 561; Loudon Savings Fund Society v. Bank, 36 Pa. 498 ; Bank v. Gregg, 79 Pa. 384; McConeghy v. Kirk, 68 Pa. 200 ; McPherson v. Allegheny Nat. Bank, 96 Pa. 135 ; Deacon v. Smaltz, 10 Pa. Superior Ct. 151.

OPINION BY HENDERSON, J., December 10, 1906 :
The appellant and John H. Ware were members of a trading partnership.  As such each is presumed to have had authority to bind the firm within the apparent scope of the business carried on.  This authority is implied in the very existence of the partnership.  Each member acts as the agent for all in

the transaction of the common business. Any limitation of this power which may have been agreed upon by the partners only binds the parties themselves and does not affect others who acquire rights by the exercise of apparent authority unless they know that such limitation has been made. Strangers have, ordinarily, no means of ascertaining the relative powers of the members of a firm, and each partner must necessarily be presumed to have the authority exercised by the other members. In the absence of an agreement forbidding or limiting his right to contract, one partner has the same right as another to bind the partnership : Winship v. Bank of United States, 30 U. S. 529 ; Rice v. Jackson, 171 Pa. 89. The averment in the affidavit of defense that Ware had no authority to make the indorsement of the note for which the plaintiff sued is a denial of the law as it has existed in this commonwealth from its organization. Ware had authority as a partner to make the indorsement unless he had contracted to exercise a less extensive authority, and this is not averred in the affidavit. There is an entire omission to set forth any fact warranting the assertion of lack of power in Ware. The appellant cannot limit Ware's authority to bind the partnership within the scope of its business on his own motion ; that could only be done by agreement between the partners. Moreover, it is not alleged that the plaintiff had notice of any such agreement if it actually existed. It is not charged in the affidavit that Ware received and appropriated to his own use the proceeds of the indorsed note, and the allegation that "to the best of deponent's knowledge and belief" the partnership did not receive the same is insufficient. It is not made on the affiant's actual personal knowledge and does not set forth the source of his information or declare his expectation or ability to prove the facts alleged : Bank v. Gregg, 79 Pa. 384. There is no legal objection to the form of the indorsement nor anything therein to put the plaintiff on inquiry. The indorsement was prima facie a partnership act binding the firm : McConeghy v. Kirk, 68 Pa. 200.

Section 99 of the negotiable instrument act of May 16, 1901, P. L. 194, provides that where partners are to be notified, notice to any one partner is notice to the firm even though there has been a dissolution. While, therefore, the denial of notice of

protest may be sufficient as to the affiant it is not an answer to the plaintiff's statement, for a notice may have been given to Ware, the retiring partner, and notice to him is not denied. The appellant, indeed, takes into consideration in his affidavit that notice may have been given to Ware and avers that if it was so given the latter fraudulently suppressed and kept from deponent knowledge of the fact. It is apparent, however, that if notice to Ware was sufficient, his subsequent conduct in failing to communicate the fact to the appellant cannot affect the rights of the plaintiff.

It is undoubtedly the law that in an action by the indorsee of a negotiable note against the maker the defendant may change the burden of proof by showing that the note was obtained from him or from some intermediate party by fraud, felony or force, or that it was lost, in which case the plaintiff is called upon to show that he is the holder of the note for value before maturity without notice. Where such defense is relied upon to prevent judgment for want of an affidavit of defense it is incumbent upon the defendant to aver facts sufficient to overcome the plaintiff's prima facie title, and thus put the plaintiff to proof that he is the holder of the note by purchase for value before maturity without notice. The affidavit in this case is deficient in not setting forth such facts. It is evasive, conjectural and hypothetical where it should be positive, affirmative and definite. The allegation that the indorsement was executed fraudulently is the deponent's conclusion from facts not divulged. The deponent may consider them sufficient to raise an inference of fraud—whether they are so can only be determined when they are disclosed, and no attempt has been made to do this. In all of the cases cited by the appellant's counsel the affidavits set forth the facts upon which the defendants relied to put the plaintiff on proof that he was a bona fide holder for value without notice, and in that respect there is a marked contrast with the affidavit under consideration.

We are satisfied with the conclusion of the court below, and therefore affirm the judgment.