# Longstreth *v.* Gray, Appellant.

*Practice, C. P.—Pleading—Statement of claim—Promissory note— Averment as to name of defendant.*

In an action of assumpsit upon a promissory note, a statement of claim sets forth a sufficient cause of action wherein it is averred that the note was signed by John Gordon Gray without any averment that the John Gordon Gray who signed the note is John Gordon Gray, the defendant in the case.

Argued Dec. 17, 1909. Appeal, No. 262, Oct. T., 1909, by defendant, from order of C. P. No. 3, Phila. Co., Sept. T., 1909, No. 676, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Charles A. Longstreth v. John Gordon Gray. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Assumpsit on a promissory note.

Rule for judgment for want of a sufficient affidavit of defense.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*Edmund W. Kirby*, with him *Robert J. Byron*, for appellant.—Under the procedure Act of May 25, 1887, P. L. 271, the declaration is required to be not only concise, but a precise statement of the plaintiff's demand, exhibiting with accuracy and completeness the ground on which recovery is sought: Clark v. Lindsay, 7 Pa. Superior Ct. 43; Monsarratt v. Trust Co., 14 Pa. Superior Ct. 541; Fritz v. Hathaway, 135 Pa. 274; Bank v. Ellis, 161 Pa. 241.

*Thomas S. Williams*, with him *Joseph T. Bunting*, for appellee.—The John Gordon Gray named in plaintiff's state-

ment is prima facie the John Gordon Gray who was sued: McConeghy v. Kirk, 68 Pa. 200; Hamsher v. Kline, 57 Pa. 397; Wallace v. McElevy, 2 Grant, 44; Burns v. Hyatt, 1 Clark, 323; Mink v. Shaffer, 124 Pa. 280; Shaw v. Merrill, 16 Pa. Dist. Rep. 708.

PER CURIAM, March 3, 1910:

This appeal is without merit. The action was assumpsit against John Gordon Gray. The statement averred, with precision as to details of time and place, that John Gordon Gray made and delivered to Charles A. Longstreth, the plaintiff, a promissory note, a copy of which is set forth at length; that certain payments had been made upon the note; and that a balance, specifying it, was justly due and remained unpaid, "although demand has been made by the plaintiff upon the said John Gordon Gray for the payment of the same since the same became due."

The statement in the defendant's affidavit, that he was advised by counsel that the statement of claim did not set forth any cause of action against him and therefore it was not necessary for him to make any defense to the averments of facts set forth in the statement, contained no intimation that the statement was defective in not averring that the defendant is the John Gordon Gray who signed and delivered the note. In the absence of such suggestion, or of a denial of the fact, the court was warranted upon rule for judgment for want of an affidavit of defense in implying from the identity of name and the reference in the quoted averment to the "said John Gordon Gray," that the defendant was the identical person who signed the note sued upon. See McConeghy v. Kirk, 68 Pa. 200; Mink v. Shaffer, 124 Pa. 280.

The judgment is affirmed.