## Jenkins *v.* White et al., Appellants.

*Promissory notes—Renewal note—Waiver of protest.*

The offer of a renewal note with the same makers and indorsers as the original note, prior to the maturity of the original note, constitutes a waiver of protest. Such an offer shows that the indorsers did not expect the original note to be paid at maturity, and they could not have been injured by the failure to give notice of its non-payment.

147　　303
d 28 SC　153

Argued Jan. 12, 1892. Appeal No. 109, July T., 1891, by defendants, Eloise White and W. W. H. Davis, from judgment of C. P. No. 4, Phila. Co., Dec. T., 1889, No. 121, on verdict for plaintiff, Charles S. Jenkins. Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Assumpsit on a promissory note. The facts appear by the opinion of the Supreme Court.

The defendant presented the following points:

" 3. If the residence of Eloise White was not known to the officers of the bank, the facts as to what was done to ascertain it being ascertained and undisputed, 'due diligence' was not shown on the part of the officers of the bank, (one of whom was the notary,) to ascertain it; and your verdict must be for the defendants. A. If there was not due diligence shown on the part of the bank, and the indorsement bound Eloise White,

then there was a failure on the part of the plaintiff, or the bank, to see that proper notice was given. In that case, your verdict must be for the defendants." [3]

"5. Under the law and the evidence in this case, your verdict must be for the defendants. A. The last point I refuse." [5]

Verdict and judgment for plaintiff. Defendants appealed.

*Errors assigned,* inter alia, were (3, 5) answers to defendant's points, quoting points and answers.

*J. Davis Duffield,* for appellant.

*Owen B. Jenkins,* for appellee.

PER CURIAM, January 25, 1892.

The defendants were sued in the court below as joint indorsers of a promissory note. Their defence was, that notice of non-payment, as required by law, had not been given. Defendant Davis resides in Doylestown, Bucks Co.; defendant White resides in Tennessee. The residence of the latter does not appear to have been known to the bank officers at the time the note matured. The notary made inquiry of the officers of the bank, and, being unable to obtain her address, he sent notice of non-payment, with copy of protest, to defendant Davis, at Doylestown, and mailed a like notice to defendant White, in care of Mr. Davis, to the same post-office. It also appears, that, some days prior to the maturity of the note, defendant Davis sent to the bank another note, intended as a renewal, with the same maker and indorsers. The renewal was not accepted by the bank, for the reason that the discount was not paid. This we regard as a waiver of protest. It shows that the indorsers did not expect the original note to be paid at maturity, and they could not have been injured by the failure to give notice of its non-payment. Under these circumstances a discussion of the sufficiency of the notice becomes unnecessary. The specifications of error are numerous, but what has been said covers them sufficiently.

Judgment affirmed.