### J. W. O'BANNON CO. v. CURRAN.

(Supreme Court, Appellate Division, First Department.   December 11, 1908.)

1. BILLS AND NOTES (§ 397*)—FAILURE TO PRESENT AND GIVE NOTICE OF NON-PAYMENT—DISCHARGE OF INDORSER.

> Prior to the negotiable instruments law (Laws 1897, p. 719, c. 612) an indorser of a note or the drawer of a draft was not discharged by omission to demand payment and to give notice of nonpayment, where the omission could not operate to his injury; but such injury was presumed until it was made to appear that no damage could have resulted, and mere proof of insolvency of the maker and drawer did not excuse the neglect.

> [Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. § 1041; Dec. Dig. § 397.*]

2. BILLS AND NOTES (§ 422*)—PRESENTATION AND NOTICE OF NONPAYMENT—WAIVER BY INDORSER—NEGOTIABLE INSTRUMENTS' LAW.

> Negotiable Instruments Law (Laws 1897, pp. 736, 739, c. 612) §§ 130, 160, provide, respectively, that due presentment and notice of dishonor are necessary to charge an endorser. Section 142, subd. 3, and section 180 (pages 738, 742), provide that presentment for payment or notice of non-payment may be dispensed with by waiver. A corporation executed notes, indorsed by defendant, its president, individually. Prior to the maturity of the notes the maker was adjudged a bankrupt, and its property placed in the hands of a receiver; the adjudication being based at least in part upon the written admission of defendant of its inability to pay debts, coupled with a willingness that it be adjudged a bankrupt. *Held*, that defendant, knowing that the maker could not pay the notes when due, because its property was in the hands of a receiver in bankruptcy, in which he participated, impliedly waived presentment of the notes and notice of dishonor, within the sections of the negotiable instruments law.

> [Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1196–1208; Dec. Dig. § 422.*]

Appeal from Special Term, New York County.

Action by the J. W. O'Bannon Company against James M. Curran. A demurrer to parts of the complaint was overruled, and defendant appeals. Affirmed, with leave to defendant to withdraw the demurrer and to answer.

Argued before PATTERSON, P. J., and McLAUGHLIN, LAUGHLIN, HOUGHTON, and SCOTT, JJ.

Forsyth Wickes, for appellant.

Joseph M. Prsokauer, for respondent.

McLAUGHLIN, J. This appeal is from an interlocutory judgment overruling a demurrer to the second and third causes of action set forth in the complaint. In each case the demurrer was upon the ground that the facts stated did not constitute a cause of action. The

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

second cause of action alleged is to recover upon a promissory note made by the James Freeman Brown Company, a domestic corporation, dated October 12, 1903, and payable three months after date to the plaintiff at 73 Franklin street, New York. It is alleged in substance, with reference to this cause of action, that the defendant indorsed the note, and it was then delivered, before maturity, to the plaintiff, which gave full value therefor, relying on the credit of said indorsement; that before the note became due, and on the 7th of December, 1903, an involuntary petition in bankruptcy was filed against the James Freeman Brown Company, and a receiver appointed; that on the same day the defendant, as president of the company, pursuant to a vote of the board of directors, filed a written admission of its inability to pay debts and a willingness that it be adjudged bankrupt; that it was so adjudged on the 20th of February, 1904; that at the maturity of the note the maker was insolvent, its business suspended, its place of business closed, its property still in the possession of the receiver, and that the note was not paid, of all of which facts the defendant then had actual knowledge; that no part of the note has been paid, except a dividend declared in the bankruptcy proceedings, and that the balance is now due and owing to the plaintiff from the defendant, for which sum judgment is asked. The third cause of action alleged is on another note, and the allegations respecting it are substantially the same.

The appellant contends that no cause of action is stated against him as indorser upon the notes, because it does not appear that they were presented for payment and notice of nonpayment given to him. Prior to the enactment of the negotiable instruments law (Laws 1897, p. 719, c. 612) it was held that an indorser of a note or the drawer of a draft was not discharged by an omission to demand payment and to give notice of nonpayment, where such omission could not possibly operate to his injury, but such injury was presumed, until it was made to appear that no damage could have resulted; that mere proof of insolvency of the maker and drawer was not sufficient, and would not excuse the neglect. Smith v. Miller, 52 N. Y. 545; Clift v. Rodger, 25 Hun, 39; Commercial Bank of Albany v. Hughes, 17 Wend. 94; Mechanics' Bank of N. Y. v. Griswold, 7 Wend. 165. If this were to be here applied, then it is quite evident, under the facts alleged, the plaintiff would be entitled to recover, because the defendant was in no way prejudiced by the failure to present the notes for payment, or to give him notice of nonpayment. The negotiable instruments law, however, provides that due presentment and notice of dishonor are necessary to charge an indorser (sections 130, 160); but either presentment for payment or notice of nonpayment may be dispensed with by waiver, which may be express or implied (section 142, subd. 3; section 180), so that the real question here presented is whether the facts show such waiver.

I think they do. Prior to the maturity of the notes the maker had been adjudicated a bankrupt, and the adjudication was based at least in part upon the written admission of the defendant of its inability to pay debts, coupled with a willingness that it be adjudged a bankrupt. It is true the defendant signed this admission in his official capacity as president of the corporation, while he is only liable as indorser as

an individual; but as an individual he knew when the notes fell due that the corporation could not pay them, because it had then been adjudicated a bankrupt and all of its property was in the hands of a receiver in the bankruptcy proceedings, in which he participated. Under such circumstances the defendant must be deemed to have waived, at least impliedly, within the meaning of the sections of the negotiable instruments law above referred to, presentment of the notes and notice of dishonor. By his consent and with his co-operation it had been rendered impossible for the maker to pay—all of its property being then in custodia legis. This view is also sustained by what this court decided in Moore. v. Alexander, 63 App. Div. 100, 71 N. Y. Supp. 420. There Mr. Justice Ingraham, in considering the liability of an indorser where no presentation had been made, said:

"* * * It is only when, because of some act of the indorser, the non-payment by the maker and a failure of notice to the indorser cannot possibly operate to the injury of the latter, that the omission is excused. The mere fact of insolvency of the maker is not enough. * * * The fact which would excuse this presentation must, as I understand it, be some act in which the indorser participated, by reason of which the knowledge of the fact that the maker would not pay the bill could be of no benefit to him."

When the notes in question fell due the maker could not pay. The indorser knew it, because he had participated in the act which made it impossible for it to pay; and for that reason a failure to present the notes for payment and give him notice of nonpayment could not by any possibility have injured him.

The judgment appealed from, therefore, is affirmed, with costs, with leave to the defendant to withdraw demurrer and answer, on payment of costs in this court and in the court below. All concur.