## AS TO NOTICE TO ENDORSERS OF NON-PAYMENT AND WAIVER OF DEMAND.

Circuit Court of Cuyahoga County.

C. H. SALMONS v. A. J. BROCKETT ET AL.

Decided, November 13, 1911.

*Promissory Note—Waiver of Demand and Notice of Non-Payment and Dishonor.*

In an action on a primissory note waiver by evidences of notice of dishonor and non-payment and demand is not sufficiently alleged by a statement that on a day just prior to maturity of the note one of three endorsers offered a renewal note with the same endorsers for part and the note of another for the balance of the amount of the original note, with a statement that the maker of the original note could not pay it, requesting that a new note be accepted in place of the original note, which request was refused.

*Griswold & White,* for plaintiff in error.
*Judson & Weld,* contra.

WINCH, J.; HENRY, J., and MARVIN, J., concur.

The question in this case is whether a demurrer by defendant Brockett to plaintiff's amended petition was properly sustained.

It declares upon two promissory notes for $2,200 each, both executed July 20, 1904, by the Cleveland Printing & Publishing Company, payable to the plaintiff four months after date, which would be November 20, 1904, and both endorsed by defendants, W. M. Day, F. J. Staral and A. J. Brockett.

The question raised by the demurrer is whether said petition sufficiently alleges that notice of dishonor and demand were waived by the endorsers.

On this point the petition reads as follows:

"Each of said endorsers waived the notice of dishonor and non-payment and demand required by the statute to be given them in this, to-wit: That on or a day or two prior to November 20, 1904, the date when the within notes became due, W. M. Day, one of the three endorsers to the aforesaid notes, and the

president and treasurer of the Cleveland Printing & Publishing Company, brought three renewal notes, two for two thousand dollars ($2,000) each, dated November 20, 1904, with the same endorsers on the back, and one for four hundred dollars ($400) endorsed by Luther Allen, and requested this plaintiff to accept said three notes in place of the two original notes herein described, and stated to this plaintiff that the Cleveland Printing & Publishing Company, of which he was the president and treasurer, could not pay the original notes above set forth when due on November 20, 1904. This plaintiff thereupon rejected and refused to accept the renewal notes.''

The law on this subject is now found in Generad Code, Sections 8187 and 8214.

Section 8187 provides that presentment for payment is dispensed with by waiver, express or implied.

Section 8214 reads as follows:

''Notice of dishonor may be waived either before the time of giving notice has arrived, or after the omission to give due notice. The waiver may be express or implied.''

It is claimed that in this case the waiver of demand was implied from the knowledge of the endorsers that the notes would not be paid at maturity, waiver of notice of dishonor from the conduct of the endorsers in offering renewal notes endorsed by themselves.

The first point is not well taken. It was held in the case of *Bassenhorst* v. *Wilby*, 45 O. S., 333:

''The known insolvency of the maker, and that he himself can not pay, does not dispense with the necessity of presentment for payment in order to fix the liability of the endorser.''

The second point, waiver of notice of dishonor, may be implied, as quoted by counsel for plaintiff, from *Boyd* v. *Bank*, 32 O. S., 526, ''if the conduct on the part of the endorser toward the holder of the note is calculated to put a person of reasonable prudence off his guard, or induce him to omit demand, or to give notice of dishonor.''

But was there any such conduct in this case? What did the indorsers do? They offered two renewal notes for *part* of the

sum due, and a note indorsed by Luther Allen in payment of part of it. This the plaintiff refused to accept. It does not appear that Brockett was promptly notified that these three notes were not accepted. Was he not hereby lulled into temporary security instead of plaintiff's being put off his guard?

In the case last cited, Boyd, when asked by one of the makers to indorse a renewal note, *which it had agreed to accept in payment of the note sued upon,* promised to do so, and told the maker to leave the note at the bank and he would come in in a few days and indorse it.

The note was left at the bank, and it was informed of Boyd's agreement. The day for demand and notice went by, the bank relying upon Boyd's promise to endorse the renewal note. He afterwards refused to endorse it. Judge Wright delivering the opinion, justly remarks: "Had he kept his word and endorsed the note on Monday, the necessity of notice and protest was waived."

But had the bank not agreed to accept a new note endorsed by Boyd, it would not have been misled by Boyd's failure to go in on Monday and endorse the note. So here plaintiff was in no way misled by the tender of the new notes endorsed by Brockett, for he refused to accept them, and had plenty of time after his refusal to demand payment of the original notes, and give notice of their dishonor.

The case of *Jenkins* v. *White,* 147 Pa. St., 303, is cited by counsel for plaintiff as sustaining his claim. The syllabus of the case reads as follows:

"The offer of a renewal note with the *same* makers and endorsers as the original note, constitutes a waiver of protest. Such an offer shows that the endorsers did not expect the original note to be paid at maturity, and they could not have been injured by the failure to give notice of its non-payment."

This is not in accord with the Ohio rule announced in *Boyd* v. *Bank, supra,* which bases the waiver upon the fact that the *holder* was *misled* by the conduct of the endorser and not upon the fact that the *endorser* is not prejudiced by the failure to give notice. The latter, in Ohio, at least, is entitled to stand

upon his legal rights, unless his conduct was misleading to the holder to his prejudice.

The case is also distinguishable from the case at bar in that the renewal not tendered was identical with the original note in amount. Here the endorser tendered new notes for only part of the original notes, expecting the balance thereof to be paid by the Luther Allen note.

The case of *First National Bank* v. *Weston,* 49 N. Y. Supp., 542, was upon the *original* note, although destroyed upon the giving of a renewal note with the same endorsers, and although there had been many subsequent similar renewals, all accepted by the bank. Of course, notice of dishonor of the first note was waived, for the holders acted upon the proposal of the endorsers. The case is in line with the Boyd case.

The case of *May* v. *Boisseau,* 8 Leigh (Va.), 164, is in point and in line with the Ohio cases.

The demurrer to the amended petition was properly sustained, and the judgment thereon is affirmed.