## WILLIAM S. MERRELL CHEMICAL CO. v. ROOT et al.

### (City Court of New York, Trial Term. May, 1915.)

BILLS AND NOTES ⬤⟹396—INDORSEMENT—NOTICE OF NONPAYMENT—NECESSITY —STATUTE.

    Under Negotiable Instruments Law (Consol. Laws, c. 38) § 167, making notice of dishonor necessary to charge an indorser, which notice may be merely oral and given in any terms sufficiently identifying the instrument and indicating its dishonor by nonpayment, formal written notice of dishonor was not required to charge as indorser one who, as assistant treasurer of a corporation, signed its note as such, and indorsed it, and delivered it, and who signed all the checks of the corporation, so that the note could not be paid without his own act and knowledge.

    [Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1022–1028; Dec. Dig. ⬤⟹396.]

Action by the William S. Merrell Chemical Company against Marshall J. Root and Charles B. Van Nostrand. Judgment for plaintiff, and defendant Van Nostrand moves for new trial. Motion denied.

Campbell & Scribner, of New York City, for plaintiff.

Zabriskie, Murray, Sage & Kerr, of New York City, for defendant Van Nostrand.

FINELITE, J. This action was brought to recover the sum of $700 on the following facts: The plaintiff is a foreign corporation created under the laws of the state of Ohio, and on or about March 25, 1915, the Root-Knight Company, a foreign corporation created under the laws of the state of Delaware, made and delivered to the

plaintiff its promissory note, in writing, of which the following is a copy:

$700.           New York, March 25, 1915.   April 7, 1915.

  After date we promise to pay to the order of William S. Merrall Chemical Company seven hundred dollars at 22 East 22d street, New York City. Value received.           Root-Knight Company, Inc.,

                      By M. J. Root, President.

  No. 156.  Due 4—7—15.       Charles B. Van Nostrand, Asst. Treasurer.

Prior to delivery of the said note to the plaintiff, the defendant Van Nostrand indorsed the said note and joined with the Root-Knight Company, Incorporated, in delivering the same to the plaintiff, who is now the owner and holder thereof. At maturity the said note was duly presented for payment. Payment was then and there demanded, but the note was not paid. The defendants were the officers of the said Root-Knight Company, Incorporated. The defendant Charles B. Van Nostrand admits that he indorsed the note in question. The action is against the said indorser.

The defendant Van Nostrand defends the suit upon the ground that he did not receive notice of presentment and dishonor. It appears that the note was presented for payment shortly before noon on April 7th by a messenger of the First National Bank, by exhibiting it to the bookkeeper of the defendant and demanding payment, and leaving a notice in writing as follows:

    First National Bank, Broadway and Wall Street.

                 New York, April 7, 1915.

  To Root-Knight Co.: Your note on you for $700.00 has been presented for payment and will be detained at this bank until 3 o'clock p. m. to-day. Messengers have no authority to promise that drafts will be held longer. Route No. 12, by M. (Certified check required.)

The bookkeeper placed this notice on the desk of the defendant Van Nostrand, the assistant treasurer and financial officer of the company, and called his attention to it upon his return to the office at 4:30 p. m. This notice was produced by the defendant upon the trial of this action. It also appears that all checks of the defendant were required to be signed both by Mr. Van Nostrand, as assistant treasurer, and by Mr. Root, as president. The notice of presentment was in writing as above, but the notice of nonpayment was not in writing. Mr. Van Nostrand knew that the note was not paid, because it was his business as financial officer of the company to know that, and it could not be paid without his signature to the check. From his testimony it appears that he did not deny that he had actual knowledge of its dishonor, but merely that formal notice of it was not given to him. Therefore the only question to be decided here is whether the lack of such formal written notice is fatal.

Section 167 of the Negotiable Instruments Law reads as follows:

  "The notice may be *in writing* or *merely oral*, and may be given in any terms which sufficiently identify the instrument, and indicate that it has been dishonored by nonacceptance or nonpayment."

  The respective counsel cite the case of O'Bannon Co. v. Curran, 129 App. Div. 90, 113 N. Y. Supp. 359, on the question of notice of

  152 N.Y.S.—24

dishonor and presentment, which case seems to be sufficient as an authority to uphold the contention of the plaintiff. In that case the indorser was the president of the maker, a corporation which was put into bankruptcy with the co-operation of the president himself. The indorser contended that there was no cause of action against him, because it did not appear that the notes were presented for payment and notice of nonpayment given to him. The court held that he was nevertheless chargeable, saying:

"As an individual he knew when the notes fell due that the corporation could not pay them, because it had been adjudicated a bankrupt and all of its property was in the hands of a receiver in the bankruptcy proceedings, in which he participated. Under such circumstances the defendant must be deemed to have waived, at least impliedly, within the meaning of the sections of the Negotiable Instruments Law above referred to, presentment of the notes and notice of dishonor. By his consent and with his co-operation it had been rendered impossible for the maker to pay—all of its property being then in custodia legis. * * * When the notes in question fell due the maker could not pay; the indorser knew it, because he had participated in the act which made it impossible for it to pay, and for that reason a failure to present the notes for payment and give him notice of nonpayment could not by any possibility have injured him."

True, the Root-Knight Company was not in bankruptcy at the time that this note was presented, but the reasoning of the case is that the presentment and notice are unnecessary when the indorser, because of his own act, knew that the note could not be paid without his act as assistant treasurer, and as an individual he knew when the note fell due that the corporation did not pay it. Notice of dishonor was not required, because Mr. Van Nostrand was the person to whom the instrument was presented for payment, and this exception was inserted to avoid the necessity of giving notice of a fact, which by the terms of the exception must be within the personal knowledge of the man notified. In re Swift (D. C.) 106 Fed. 65. I have examined the authorities cited upon the defendant's brief and fail to see where they are applicable to the question involved here.

The motion for a new trial must therefore be denied, with exception to the defendant, and 10 days' stay and 30 days to make a case. Settle order on one day's notice.