[Civ. No. 3066.    Second Appellate District, Division One.—June 1, 1920.]

E. T. KEISER, Appellant, v. BUTTE CREEK CONSOLI-
DATED DREDGING COMPANY (a Corporation), et
al., Defendants; W. T. BILL et al., Respondents.

E. T. KEISER, Appellant, v. BUTTE CREEK CONSOLI-
DATED DREDGING COMPANY (a Corporation), et
al., Defendants; W. T. BILL et al., Respondents.

[1] PROMISSORY NOTES—ACTUAL KNOWLEDGE BY INDORSERS OF NON-
PAYMENT—PRESENTMENT AND NOTICE OF DISHONOR—WAIVER OF.—
The fact that the indorsers upon promissory notes, as directors and
officers of the corporation maker, are familiar with the transac-
tions having to do with the execution of the two notes and have
actual knowledge of the fact that the notes are not paid at matur-
ity, will not relieve the payee of the notes of the duty of making
demand upon such corporation maker and giving notice of dis-
honor to such indorsers.

[2] ID.—WAIVER OF PRESENTMENT AND NOTICE OF DISHONOR—INSUFFI-
CIENCY OF PROOF.—A statement by one of such indorsers, made in
the presence of the others, after the maturity of such notes and
with full knowledge of the maker's default and the payee's neglect
to make demand and give notice, that "we are all responsible," is
not an expression of such positive scope as to entitle it to be con-
sidered as evidence of a waiver of presentment and notice of
dishonor.

APPEAL from a judgment of the Superior Court of Los
Angeles County.    Fred H. Taft, Judge.    Affirmed.

The facts are stated in the opinion of the court.

Joseph E. Hannon and J. Vincent Hannon for Appellant.

Kemp, Mitchell & Silberberg and C. E. Joslin for Re-
spondents.

JAMES, J.—Separate appeals were taken in the two ac-
tions the titles of which appear first above.    As precisely
the same questions of law are involved, the parties stipu-
lated to present both cases upon one record and one set of
briefs.    The appeals were taken by the plaintiff from a

judgment entered in favor of respondents, the latter being indorsers upon two promissory notes executed by the defendant corporation in favor of the plaintiff. All of the respondents except Ira D. McCoy, as well as the plaintiff, were at the times the two promissory notes were executed, directors of defendant corporation. McCoy was secretary of the same corporation. All of the respondents were at all times familiar with the transactions having to do with the execution of the two notes and had actual knowledge of the fact that the notes were not paid at maturity. It is admitted that no formal presentment and demand for payment of the obligations was made upon the makers of the notes, and no notice given to the indorsers of dishonor thereof.

[1] The first point made on behalf of appellant is that the fact that the directors and McCoy the secretary (the indorsers) at all times had full knowledge of the fact that the corporation had not satisfied its obligations to the plaintiff, relieved him of the duty of making demand upon the payor and giving notice of dishonor to the indorsers. Appellant cites to this point a decision from another state which supports that view, the case being *Hull* v. *Myers,* 90 Ga. 674, [16 S. E. 653]. Respondents make question with the soundness of that decision, claiming that its reasoning is illogical, and refer to the case of *Hudson Furniture Co.* v. *Harding,* 70 Fed. 468, [30 L. R. A. 513, 17 C. C. A. 203]. In the latter decision the federal court distinctly decides the question the other way and refers pointedly to *Hull* v. *Myers,* with this observation: "The case of *Hull* v. *Myers,* 90 Ga. 674, [16 S. E. 653] is urged upon our attention in support of this contention. The decision of the court upon this question is bottomed, as we think, upon incorrect reasoning, and is without the support of authority." Upon an examination of the two decisions, we prefer the determination as made in the federal case as representing a more careful consideration of the question and better logic in its reason. Respondents also cite *McDonald* v. *Luchenbach,* 170 Fed. 434, [95 C. C. A. 604], and *Houser* v. *Fayssoux et al.,* 168 N. C. 1, [Ann. Cas. 1917B, 835, 83 S. E. 692], both of which give support to the proposition that the fact that an indorser on a note of a corporation is also a director, with full knowledge of the corporate affairs,

does not excuse the lack of notice of presentment and dishonor. In this case it was shown that the various indebtednesses of the defendant corporation, including that to the plaintiff, were discussed at different meetings of the board of directors, both before and after the particular obligation sued upon here became due. In so far as those discussions showed familiarity of the indorsers with the true situation as to nonpayment of the obligations, they add nothing to the statement of fact already made herein and conceded by respondents, that the indorsers at all times were possessed of such knowledge. Appellant further argues, however, that after the maturity of the two notes and at a meeting of the directors at which all of the indorsers were present, a statement was made by one of the directors which was in itself of potent effect in establishing a waiver of the notice to the indorsers. This statement was testified by plaintiff to have been made by respondent Hubbard, in which Hubbard said to the plaintiff: " 'Can't you just wait? You are taking no risk whatever; we are all responsible on that note—on those notes.' Nobody said anything to the contrary. That statement was made in the presence and hearing of each of the parties whose names appear on the back of the notes." The secretary and several of the directors testified that they were present at the meeting and did not hear anyone request the plaintiff to forbear payment of the note. This testimony created a conflict as to a portion at least of the statement made by plaintiff attributing the words quoted to Hubbard. It left lacking categorical contradiction of the words, "You are taking no risk whatever; we are all responsible on that note—on those notes." There is merit in the argument of respondents that the court in drawing its deductions had the right to conclude that no part of the statement attributed to Hubbard was made. [2] However, conceding that the contradiction, which in express terms only covered a portion of the Hubbard statement, left without denial the assertion of Hubbard that plaintiff was taking no risks, that "we are all responsible," we do not believe that this expression was of such positive scope as to entitle it to be considered as evidence of a waiver of the presentment and notice of dishonor. Strict proof is required, and statements to bear the import attempted to be attached to those here made

must be clear and unequivocal. (*Keyes* v. *Fenstermaker,* 24 Cal. 329.) In that case it is said that the law is settled that a promise to pay by an indorser, made after maturity with full knowledge of the payee's neglect to make demand and give notice, must be established by clear and distinct evidence. To the same effect is another case cited by respondents, to wit: *Glidden* v. *Chamberlin,* 167 Mass. 486, [57 Am. St. Rep. 479, 46 N. E. 103].

The points discussed are the principal ones argued upon this appeal. Under the evidence shown, we think that the court was justified in each of the findings made. We conclude also that the rulings upon the admission of evidence were without prejudicial error.

The judgments are affirmed.

Conrey, P. J., and Shaw, J., concurred.