FREDERICK W. MERCER, Appellant, *v.* HYDROCARBON CONVERTER COMPANY, Defendant, Impleaded with THOMAS A. NEVINS, Respondent.

First Department, April 6, 1923.

**Bills and notes — defense by indorser of failure of presentation and notice of protest — president of maker was indorser and was in entire charge of corporation's business — presentation and notice of protest were waived under Negotiable Instruments Law, § 180.**

Presentation of a promissory note for payment and notice of protest are waived under section 180 of the Negotiable Instruments Law, by an indorser on a corporation note, where it appears that the indorser was the president of the corporation and had entire charge of the corporation's business, which was conducted by him and in his office; that prior to the time the note became due he sent a renewal note to the payee with a check to cover the interest due, and that the indorser advanced to the corporation all the money used by the latter, which had no bank account.

APPEAL by the plaintiff, Frederick W. Mercer, from a judgment of the Supreme Court in favor of the defendant Thomas A. Nevins, entered in the office of the clerk of the county of New York on the 5th day of July, 1922, upon the verdict of a jury rendered by direction of the court, and also from an order entered in said clerk's office on the 1st day of September, 1922, denying plaintiff's motion for a new trial made upon the minutes.

*Michael M. Helfgott,* for the appellant.

*W. H. K. Davey,* for the respondent.

FINCH, J.:

The action was brought by the plaintiff as the assignee of a note made by the defendant Hydrocarbon Converter Company,

and indorsed by the defendant Thomas A. Nevins. The complaint alleged a waiver of presentation and of a notice of protest. The answer admitted all the material allegations of the complaint, except that it denied the alleged waiver, and as a defense set up a failure of presentation and notice of protest. Whether or not there was this waiver was the only issue litigated.

It appears that the defendant Nevins is the president of the defendant corporation; that he executed the note as president of the said corporation and indorsed it individually; that the office of the corporation was kept in the office of Nevins, and its books maintained there; that on the day before the maturity of the note the defendant Nevins, as president as aforesaid, executed and individually indorsed a proposed renewal note, and forwarded the same, together with a check to cover the interest due, to the plaintiff's assignor; that the defendant Nevins knew that the maker, the defendant corporation, did not intend to pay the note at maturity, and could not pay it, because the defendant Nevins advanced to the corporation all the money used by the latter, which had no bank account, and never issued checks in payment of any bills, all of such being paid by the defendant Nevins.

It is conceded that the sending of the renewal note constituted a waiver of presentation. This, taken in connection with all the other circumstances mentioned above, shows also a waiver of notice of protest. (*O'Bannon Co.* v. *Curran,* 129 App. Div. 90; *Sheldon* v. *Horton,* 43 N. Y. 93.) Had the note been presented, either it would not have been paid or would have been paid by the defendant Nevins; and in either event said defendant must necessarily have had notice of such presentation, and if it had not been paid, of the non-payment. The defendant Nevins occupied such a position towards the Hydrocarbon Converter Company that he possessed more notice than any notice of protest in and by itself could have possibly given. Acts in which said defendant participated brought about this situation, and hence the waiver required by the statute is present. (Neg. Inst. Law, § 180; *O'Bannon Co.* v. *Curran, supra; Sheldon* v. *Horton, supra.*)

It follows that the judgment should be reversed, with costs and disbursements, and judgment directed for the plaintiff against the defendant Nevins as demanded in the complaint, with costs.

DOWLING, PAGE and MERRELL, JJ., concur.

Judgment and order reversed, with costs, and judgment directed for plaintiff against the defendant Nevins as demanded in the complaint, with costs.