## Peoples Bank and Trust Company v. Feldman.

*Promissory notes — Corporations — President as endorser of company's note—Notice of dishonor—Affidavit of defence.*

In an action on a promissory note made by a corporation of which the defendant is president, and which was endorsed by the defendant individually, an affidavit of defence is sufficient to prevent judgment which sets up that no notice of dishonor was given to defendant as endorser, that the note was not presented for payment to the maker corporation, and that defendant did not in his individual capacity sign the note as maker as well as endorser.

Rule for judgment for want of a sufficient affidavit of defence. C. P. No. 2, Phila. Co., June T., 1925, No. 546.

*Harry Shapiro,* for plaintiff; *Carr & Krauss,* for defendant.

Lewis, J., Sept. 21, 1926.—This is a rule for judgment for want of a sufficient affidavit of defence. The action is upon a promissory note made by a corporation of which the defendant is president, and which was endorsed by the defendant individually. The affidavit of defence sets up that no notice of dishonor was given to the defendant as endorser, and that he is, therefore, discharged from liability.

In the present state of the record the rule must be discharged. Under section 89 of the Negotiable Instruments Law (Act of May 16, 1901, P. L. 194), notice of dishonor must be given to each endorser or else he is discharged from liability. Under section 115, however, such notice is not required in certain cases, none of which applies here, with the possible exception of the second clause, which prescribes that notice is unnecessary where the endorser is the person to whom the instrument is presented for payment.

There have been many cases discussing the necessity of giving to an officer of a corporation who endorses its paper notice of non-payment, and the decisions at first glance do not appear to be in harmony. By far the greater number hold that such notice must be given. A leading case on the question is that of McDonald v. Luckenbach, 170 Fed. Repr. |434 (C. C. A., 3rd Cir.), in which the defendant endorser was secretary and a director of the maker company. In the course of the opinion it is stated: "In the case before us, under the statute of Pennsylvania as well as at common law, the contract of the defendant, as endorser of the company's note, was that his liability to pay the same was secondary and would only become fixed after its maturity by due presentment to the maker, and in case of refusal, or default by the maker, by due notice of such default to him as endorser. In the absence of waiver on his part, no assumption that, by reason of his official position in the corporation, he might have known, or did know, that the company was unable to pay the note at maturity, can deprive the defendant of the protection of his contract, or relieve plaintiff's decedent from the requirement to give due notice of default, in order to fix his liability as endorser."

Likewise, in Tucker v. Mueller, 287 Ill. 551, 122 N. E. Repr. 847, defendant was president of the corporation which executed the note. In determining his liability as endorser, the court discussed the various provisions of the Negotiable Instruments Law and decided that he was entitled to the same protection as any other endorser, despite his official connection with the company. Other cases in which officers or directors have been accommodation endorsers of their corporation's notes, and in which it was held that they were, nevertheless, entitled to notice of dishonor, are Keiser v. Butte Creek Co., 48 Cal. App. 38, 191 Pac. Repr. 552; First National Bank v. Bickel, 143

Ky. 754; Bennet v. Kistler, 163 N. Y. Supp. 555; Houser v. Fayssoux, 168 N. C. 1, 83 S. E. Repr. 692; Case v. McKinnis, 107 Ore. 223, 213 Pac. Repr. 422; Nolan v. Wilcox Co., 137 Tenn. 667, 195 S. W. Repr. 581. See, also, Murray v. Third National Bank, 234 Fed. Repr. 481 (C. C. A., 6th Cir.).

That the defendant endorser was treasurer (it appeared that he was inactive, however) of the maker corporation and a director of the payee corporation, and gave the notes in question in renewal of previous notes endorsed by him as they matured, were held not to be circumstances requiring a finding of waiver of notice of dishonor in Maynard Trust Co. v. Furbush, 243 Mass. 190, 137 N. E. Repr. 270.

On the other hand, there have been cases in which it has been held under their peculiar facts that officers were not entitled to receive special or formal notice of the dishonor in order to charge them as endorsers. An examination of these cases shows that they are based, for the most part, on the fact that the officer in each case had actual knowledge of the dishonor because of his connection with the company. In Merrell Chemical Co. v. Root, 152 N. Y. Supp. 368, for example, the defendant, who was assistant treasurer of a corporation, did not deny that he had actual knowledge of the dishonor, but simply set up that he had not received formal notice. It appeared, however, that all checks of the corporation were required to be signed by him, so that the note could not have been paid without his act and knowledge, and it appeared also that the instrument had been presented to him for payment by the corporation. Likewise, in another New York case, Mercer v. Hydro-Carbon Convertor Co., 205 N. Y. App. Div. 78, 199 N. Y. Supp. 75, where the president, who executed a note on a corporation's behalf and endorsed it individually, knew the corporation could not pay the note at maturity because he advanced all of its funds, it was held that notice of dishonor was unnecessary. In Hull v. Myers, 90 Ga. 674, 16 S. E. Repr. 653, where a majority of the directors endorsed paper knowing it could not be paid at maturity, a similar result was reached. This decision was restricted to its precise facts in a later case, Ennis v. Reynolds, 127 Ga. 112, 56 S. E. Repr. 104. See, also, Gleeson v. Lichty, 62 Wash. 656, 114 Pac. Repr. 518. In O'Bannon Co. v. Curran, 129 N. Y. App. Div. 90, 113 N. Y. Supp. 359, the defendant endorser was president of the maker corporation, which was put into bankruptcy with his co-operation, so that he knew the corporation could not pay the note at maturity, as all of its property was in the hands of a receiver. The court said that, since he was partly responsible for the act which made payment at maturity impossible, he must be taken to have impliedly waived the provisions of the Negotiable Instruments Law entitling him to notice of dishonor.

However, in some of the cases in which it has been held that the officers of the corporation are entitled to notice of dishonor, it appeared that they knew the note could not or would not be paid at maturity. See, for example, Keiser v. Butte Creek Co., 48 Cal. App. 38, 191 Pac. Repr. 552.

Much should depend on the facts which are brought out at trial concerning the relation of the officers to the company. If it appears that they must have known the note was not paid at maturity—the defendant in this case in his affidavit of defence expressly denies such knowledge—there is some justification for saying that he should not escape liabiltiy by setting up the lack of formal notice. "Notice of dishonor is only required when it is necessary to preserve recourse to antecedent parties:" Marquardt's Estate, 251 Pa. 73. It is not the policy of the law to allow a party to a negotiable instrument to escape liability on the ground that he did not receive formal notice of something of which he undoubtedly knew.

Peoples Bank and Trust Company v. Feldman.

In addition to the defence set up as above outlined, the defendant in this case has averred that the instrument was not presented for payment to the maker corporation. Presentment for payment is necessary, under section 70 of the Negotiable Instruments Law, in order to charge endorsements, and there is nothing in the pleadings from which we can say that such presentment has been waived expressly or impliedly as mentioned in section 83 of the act. Marquardt's Estate, 251 Pa. 73, relied on by plaintiff, is not in point in the absence of proof of an agreement or understanding that the defendant endorser was to be absolutely bound for the payment of the note without the usual demand and notice. It is true that plaintiff avers defendant signed the note in his individual capacity as maker as well as endorser, but this is denied in the affidavit of defence. Rule discharged.