GENESEE COUNTY SAVINGS BANK v. ROSENTHAL.

1. BILLS AND NOTES—NOTICE OF PRESENTMENT, DEMAND AND DIS-
HONOR—WAIVER.
     Notice of presentment, demand and dishonor may be waived
     expressly or impliedly before or after time of giving such
     notice (2 Comp. Laws 1929, § 9358).

2. SAME—INDORSEMENT—WAIVER OF NOTICE—DEFENSES.
     Indorsement of another or renewal note for purpose of taking
     up original note constitutes waiver of notice of dishonor and
     indorser cannot successfully use lack of such notice as defense
     to action on his contract of indorsement.

Appeal from Genesee; Gadola (Paul V.), J. Sub-
mitted October 19, 1933. (Docket No. 98, Calendar
No. 37,339.) Decided December 5, 1933. Rehearing
denied March 6, 1934.

Assumpsit by Genesee County Savings Bank
against Louis Rosenthal and others on a promissory
note. Judgment for plaintiff against all defend-
ants. Defendants Louis Rosenthal and Maurice
Rosenblum appeal. Affirmed.

*Carton & Gault* (*Matt. Davison, Jr.,* of counsel),
for plaintiff.

*Finkleston, Lovejoy & Kaplan* (*Henry Glicman,*
of counsel), for defendant Louis Rosenthal.

*Charles D. Beagle* and *Bishop, Blackney &
Church,* for defendant Rosenblum.

POTTER, J. Plaintiff sued defendants on a prom-
issory note dated December 2, 1931, for $24,700,

due 90 days after date, with interest at 7 per cent. per annum. "Bensams," a Michigan corporation, was maker, and defendants Bernard Rosenthal, Louis Rosenthal, Samuel Weinstein and Maurice Rosenblum were indorsers; and $4,465.14 had been paid on the note prior to suit. The declaration alleges presentment of the note for payment at maturity and tender of a new note executed by the same maker and indorsed by the same indorsers to the payee for the balance due. This note was rejected and suit instituted. From a judgment for plaintiff, defendants Louis Rosenthal and Maurice Rosenblum appeal.

Ordinarily, to hold an indorser, notice of presentment, demand and dishonor must be given, but such notice may be waived either before or after the time of giving such notice and such waiver may be either express or implied. 2 Comp. Laws 1929. § 9358. The indorsement of another or new note in renewal of, and for the purpose of taking up an existing instrument, constitutes a waiver of notice of dishonor, and one who has so executed such new or renewal note as an indorser, cannot successfully set up the lack of notice as a defense to an action on his contract of indorsement. 3 R. C. L. p. 1241, § 468, and cases cited; 8 C. J. pps. 704, 705, and cases cited; *Jenkins* v. *White,* 147 Pa. 303 (23 Atl. 556); *Bessenger* v. *Wenzel,* 161 Mich. 61 (27 L. R. A. [N. S.] 516); *Gelder* v. *Welsh,* 169 Mich. 490.

Judgment affirmed, with costs.

McDONALD, C. J., and WEADOCK, SHARPE, NORTH, FEAD, WIEST and BUTZEL, JJ., concurred.