Allentown National Bank, Appellant, *v.* Nallin.

Argued March 3, 1936.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, PARKER, JAMES and RHODES, JJ.

*Robert G. O'Malley,* of *O'Malley, Hill, Harris & Harris,* with him *Butz & Rupp,* for appellant.

*T. A. Donahoe,* of *Donahoe & Helriegel,* with him *Carl Carey,* for appellee.

OPINION BY JAMES, J., July 10, 1936:

Plaintiff, in the court below, has appealed from the entry of judgment n. o. v. in favor of the defendant.

Plaintiff brought suit against John Nallin, the indorser on the following note:

"$475.00                                         Sept. 3, 1932

Sixty days after date I promise to pay to the order of ........................John A. Nallin

At the Allentown National Bank

Four Hundred and Seventy-five 00/100 Dollars

Without defalcation for value received

Credit the drawer          (Signed) John G. Mealey

44 S. Fulton Street

(Reverse Side:)

(Signed) : John A. Nallin"

The note was discounted at the Penn Trust Company, whose assets were taken over by the Allentown National Bank. On October 29, 1932, John G. Mealey brought to the plaintiff bank a similar note dated November 2, 1932, for the sum of $475, executed by him and indorsed by John A. Nallin. The bank refused to accept the note in renewal because of the failure to pay the renewal interest, but kept it and noted upon it, "Renewal rec'd but not used No Int. Pd." No notice of the dishonor, or refusal to accept the renewal, was given to the indorser for at least two weeks after November 2, 1932. Under these facts, appellant contends that the indorser had waived notice of dishonor.

The Act of May 16, 1901, P. L. 194, §89, 56 PS §211, provides that "except as herein otherwise provided, when

a negotiable instrument has been dishonored by non-acceptance of non-payment, notice of dishonor must be given to the drawer and to each indorser, and any drawer or indorser to whom such notice is not given is discharged." By section 109 of the same act (56 PS. §232) it is provided: "Notice of dishonor may be waived, either before the time of giving notice has arrived or after the omission to give due notice, and the waiver may be expressed or implied."

Appellant argues that the indorsement of the renewal note was of itself a waiver of notice of dishonor and as authority for its position, relies upon the cases of Jenkins v. White, 147 Pa. 303, 23 A. 556; Martin v. Walker, 93 W. Va. 736, 117 S. E. 879; Mercer v. Hydrocarbon Converter Co., 199 N. Y. Supp. 75. An examination of those cases, and other cases which are referred to, discloses that the renewal note was presented to the holder by the indorser and the renewal note refused, of which fact he had notice. In the instant case, the renewal note was presented not by the indorser, but by the maker and the indorser had no knowledge or notice that the original note had not been paid or the renewal note had not been accepted.

To establish a waiver, the burden of proof is upon the holder and must be proved by clear and unequivocal evidence. "The general principle underlying nearly all cases of waiver is that the indorser has by word or deed done something calculated to mislead the holder and induce him to forego the usual steps to fix the liability of the former": Annville Nat. Bank v. Kettering, 106 Pa. 531. Applying these rules, we are unable to find that the proof of the endorsement of the renewal note and its tender by the maker met the burden of proof, or that the holder was, in any way, misled thereby from taking the usual steps necessary to bind the indorser. The act of indorsing the renewal note can only be regarded as evidence that the indorser was satisfied to continue his liability as an indorser; but it

462

cannot be regarded as a waiver of his right to notice of dishonor of the original note. It was the duty of the appellant, particularly when the renewal note was refused, but retained by it for four days before the due date of the original note, to have either accepted the renewal note and thus continued the liability of the indorser, or, by notice of dishonor, fixed liability upon the indorser. No notice of dishonor having been received by him, within the time fixed by law, he had the right to assume the original note was either paid or the renewal obligation accepted. Appellant having chosen to rely upon the original note, its plain duty was to give notice of dishonor to the indorser.

Judgment affirmed.