## Ward, Receiver, v. Carlis et al.

*Emanuel Moss*, for plaintiff.
*Jacob Boonin*, for defendants.

KUN, J., June 16, 1937.—Plaintiff brought suit as holder of a promissory note against defendants as endorsers. The note was executed by Carlis and Clayton, Inc., and was endorsed by defendants, Isaac Carlis and Lester E. Clayton, individually. Defendants were the owners of a majority of the stock of the maker corporation; one was president and the other was treasurer of the corporation and both were actively engaged in the

management of its business. The note was payable 30 days after its date. Three days prior to the due date of the note defendants, as officers of the maker corporation, filed a voluntary petition in bankruptcy for it. On the due date of the note it was duly presented for payment. A notice of nonpayment was sent to defendant endorsers by letters addressed to them at the place of business of Carlis and Clayton, Inc.

Defendants interposed as a defense want of proper notice of nonpayment. At the trial the court directed a verdict for plaintiff on the ground that notice to defendant endorsers of nonpayment of the note was not required under the circumstances, so that it was unnecessary to pass on the question of the sufficiency of the notice. Defendant filed a motion for judgment n. o. v.

The question presented is whether defendant endorsers, being owners of a majority of the stock of the maker corporation and its executive officers, and having executed the note as such for the corporation, did, by their act of filing a voluntary petition in bankruptcy for the corporation before the due date of the note, waive demand and notice of nonpayment to them as endorsers. Defendants argue that demand and notice are necessary because required by what they assert to be a contract between the holder and them as endorsers. However, in the early case of Barclay v. Weaver, 19 Pa. 396, the Supreme Court, by Lowrie, J., in answering a similar contention, said, at page 400:

"The error consists in the assumption that the law regards an endorsement as a written contract to pay on condition that the usual demand be made and notice given.

"It is not so."

The court then refers to instances where demand and notice are not necessary, adding that it is so "in many other such cases. . . . The reason is, that, in such cases, demand and notice can be of no use, and therefore the law does not require them." The court concludes the question as follows, at page 401:

"It seems, therefore, that the duty of demand and notice, in order to hold an endorser, is not a part of the contract, but a step in the legal remedy, that may be waived at any time, in accordance with the maxim *quilibet potest renunciare juri pro se introducto.*"

The Negotiable Instruments Law of May 16, 1901, P. L. 194, 56 PS §211, recognizes the principle of waiver in this regard by specific provision. Section 109 of the act provides:

"Notice of dishonor may be waived, either before the time of giving notice has arrived or after the omission to give due notice, and the waiver may be expressed or implied."

Defendants have cited a number of old cases to support their contention that they were entitled to notice, but those cases go no further than to hold that mere knowledge on the part of an endorser that the maker could not or would not pay the note does not relieve the holder from making demand and giving notice to the endorsers: Barton v. Baker, 1 S. & R. 334; The Juniata Bank v. Hale et al., 16 S. & R. 157; Groth v. Gyger et al., 31 Pa. 271. In those cases the endorser did nothing in relation to the note or its payment. He merely had knowledge, as stated, that the note could not or would not be paid. In a much later case, however, wherein it appeared that there was slightly more than mere knowledge on the part of the endorser that the maker would not pay, in that some days prior to the maturity of the note one of the endorsers sent to the bank another note intended as a renewal with the same maker and endorsers and the renewal was not accepted by the bank for the reason that the discount was not paid, the Supreme Court regarded this act as a waiver of notice of protest: Jenkins v. White et al., 147 Pa. 303. The court said, at page 304:

"It [their action above referred to] shows that the endorsers did not expect the original note to be paid at maturity, and they could not have been injured by the failure to give notice of its nonpayment."

Here is a case then where the action of endorsers, showing that they "did not expect" the original note to be paid, was held sufficient to amount to a waiver of protest. Obviously the same ruling must be made in the instant case, which goes beyond the mere expectation on the part of defendant endorsers that the note would not be paid, because by their own act in putting their company in voluntary bankruptcy they made it impossible for the company to pay the note. Notice of nonpayment in such circumstances would be a vain, useless thing which the law never requires.

The case just cited would be ample support for our view, but since we have had this case under consideration the question has been concluded by the decision of the Superior Court in the case of Doak v. Levy, 126 Pa. Superior Ct. 581. In that case the treasurer of a corporation executed a note for it and endorsed it individually. Before the due date of the note the treasurer stopped payment on it, so that payment was refused when it was presented. Suit was filed against the treasurer individually as endorser and he defended on the ground that no notice of protest had been sent to him, there being some question as to its propriety. The court held that by his act as treasurer of the corporation of stopping payment of the note he waived notice of dishonor to him as individual endorser for the reason, tersely put by the court, that "He had made payment impossible". So, in the instant case, defendant endorsers made payment impossible by their act as officers of the maker corporation of filing a petition in voluntary bankruptcy for the maker corporation. This ruling is in harmony with the ruling made in a somewhat similar case in New York: J. W. O'Bannon Co. v. Curran, 129 App. Div. 90, 113 N. Y. Supp. 359.

The motion for judgment n. o. v. is overruled.