Colden, J.
This is an action on a promissory note executed by Bo-Low Lamp Corp. to the plaintiff on August 28, 1954, in the sum of $4,000, payable four months after date. This note was *437 personally indorsed prior to delivery by the defendant Eobert Goldman and one Eoy Nemzer, a brother of the plaintiff, both of whom owned all of the issued stock of the corporation in equal shares and executed the note on its behalf, as president and secretary thereof, respectively. This note was a renewal of a prior note, dated April 28, 1954, similarly executed and indorsed. The complaint also seeks to set aside under the Debtor and Creditor Law the conveyance by the defendant Goldman and his wife of their one-family dwelling to his sister, Marsha Kay. The deed of conveyance, dated the 16th day of September, 1954, was recorded six days later in the office of the clerk of the County of Nassau. On the date said conveyance was recorded Bo-Low Lamp Corp. filed a petition for arrangement with the United States District Court, Eastern District of New York, under the provisions of the Bankruptcy Act. Upon the consent of the debtor an order was made on December 15, 1954, adjudicating it a bankrupt as of the date of the filing of the petition — September 22, 1954.
The defendant Goldman alone actively participated in the bankruptcy proceedings since the only other stockholder and officer, Boy Nemzer, no longer participated in the business because of illness. Goldman signed all the papers in relation to the bankruptcy including the consent to the adjudication, and prior to filing the petition unsuccessfully sought a settlement with the corporate creditors. He knew that the corporation was insolvent; that its assets would be sold by the duly appointed trustee-in-bankruptcy; and that when the note held by the plaintiff would become payable on December 28, 1954, the corporation would not be able to pay it. When, on December 20,1954, the plaintiff ascertained that the defendant Goldman had transferred his house to his sister, he instituted the present action, even though the note was not to mature until eight days later.
The court finds that the defendant Marsha Kay paid no consideration for the transfer of the property, and that before the note in suit became due its maker had been adjudicated a bankrupt in proceedings in which the defendant Eobert Goldman, an indorser thereof, was the only active participant on behalf of the corporation. The court has no doubt and so finds that the conveyance by the defendant Goldman of his interest in his home to his sister not only rendered him insolvent at a time when he had debts outstanding and his business was failing, but that such conveyance was made with actual intent to defraud creditors within the meaning of section 276 of the Debtor and *438 Creditor Law. The court does not believe the testimony of the defendant Goldman that such conveyance was made in discharge of a loan to him by his sister, the defendant Kay, in 1952, in the sum of $3,800 in cash. There was no evidence of any withdrawal of such sum, or any part thereof, from any bank account of the lender. There was no note or other evidence of the indebtedness and there was no record thereof by either the lender or the borrower. The entire story of this loan is incredible. The defendant Kay did not even appear in court to testify in support thereof. It should be remembered, that the alleged indebtedness of $3,800, which is claimed to have been the consideration for the conveyance, was for an equity in the property far in excess of that amount; the Goldman home was. purchased in April, 1952, for $18,500 subject to a first mortgage of $12,000.
The defendants contend, however, that the complaint must fall for the plaintiff’s failure to allege and to prove notice of dishonor to the indorser, the defendant Goldman.
It is indeed true that there was neither claim nor proof of such notice of dishonor. The mere fact that Goldman was an officer of the corporate maker could not ordinarily excuse the holder of the note from giving him notice of dishonor as the indorser thereof. (Goldstein v. Brastone Corp., 254 App. Div. 288, affd. 279 N. Y. 775; Emanuel v. Douglas Labs., 136 N. Y. S. 2d 501.) Here, however, Goldman, the indorser, was not merely an officer of the corporate maker who happened to know that it was insolvent and could not pay the note when it became due. He alone conducted the corporate business prior to its bankruptcy because of the illness of the -only other stockholder; he alone attempted, but failed in his endeavors, to effect a settlement with the creditors of the corporate maker of the note in question; and, finally, he alone took the affirmative steps necessary to initiate the bankruptcy proceedings by which the corporate makér was adjudicated a bankrupt upon consent which he himself executed, and it was he together with his wife who transferred their only asset to his sister, without consideration, on the eve of the filing of the petition in bankruptcy. By these affirmative acts on Goldman’s part he must be deemed in law to have waived presentment and notice of dishonor. (Adam Metal Supply v. Trauth Mfg. Co., 276 App. Div. 997.)
The contention of the defendants that the facts in the case at bar bring it within the ambit of the Goldstein case (supra), decided by the Appellate Division, Second Department, rather than the Adam Metal Supply case (supra), decided by the *439 First Department, is without merit for these cases are distinguishable on their facts.
In the Goldstein case the corporate defendant executed and delivered a promissory note on August 13, 1931, payable four months after date. The note was signed by the individual defendants as the president and vice-president of the corporation and was also indorsed by them. Although the note became due on December 13, 1931, the action to recover thereon from the maker and indorsers was not commenced until October 20, 1936. The question presented was whether the indorsers became liable on the note absent its presentment for payment on the. date it fell due and the failure to give notice of its dishonor to the indorsers. The court held (p. 290) that it did not matter that the indorser was an officer of the corporation and may thereby have knowledge of the date on which the note falls due and that “ Mere knowledge of the dishonor is held not equivalent to the notice, which must come from the one who is entitled to look to the party for payment and must inform him that the note has been duly presented for payment; that it has been dishonored, and that the holder looks to him for payment.” The court expressly recognized that under some circumstances a waiver may be implied and cited O’Bannon Co. v. Curran (129 App. Div. 90) as an extreme case of that character. There, the president had indorsed the corporate note and before it had matured the corporation, through his efforts and assent, went into bankruptcy, so that at the maturity of the note the maker was insolvent, its business suspended, its place of business closed, its property in the hands of a receiver, and the note was unpaid — of all of which the defendant president had actual knowledge. He was held liable. The facts in the case at bar are clearly apposite.
In the Adam Metal Supply case (supra), the notes in suit matured after the defendant, as president, executed a creditors’ agreement on behalf of the corporate maker. The First Department, relying on O’Bannon Co. v. Curran (supra), and a later authority, held: “ By such affirmative action on his, the endorser’s part, he must be deemed in law to have waived presentment and notice of dishonor ”. And so in the case at bar, by the affirmative action on his, the indorser’s part, as described above, the defendant Goldman must be deemed in law to have waived presentment and notice of dishonor.
Judgment is, therefore, granted in favor of the plaintiff adjudging the defendant Goldman liable on the note together with interest and taxable costs; the defendant Goldman’s con *440 veyance of his interest in the property in'question is declared fraudulent and set aside and the' plaintiff’s attorneys are allowed the sum of $250, as reasonable counsel fees pursuant to the provisions of section 276-a of the Debtor and Creditor Law. The court makes no adjudication whatsoever with respect to the conveyance by the defendant G-oldman’s wife of her interest in the property since she was not made a party to this action. Settle judgment on two days’ notice.