Benjamin Brenner, J.
The complaint sets forth two causes of action to recover the sum of $691.80 on two unpaid notes indorsed by the defendant. Each party seeks summary judgment.
The essential facts are that on October 4, 1957 Arbuck, Inc., by its president, Joseph Arkus, defendant herein, made and delivered the notes payable to plaintiff’s order, due respectively on January 31 and February 28, 1958. They were indorsed by the defendant in his individual capacity. On March 4, 1958 the corporate maker filed a petition for arrangement under chapter XI of the Bankruptcy Act. Plaintiff urges that defendant knew that the notes would not be honored at maturity and that he unequivocally waived presentment and notice of dishonor by implication because he delivered a series of postdated checks to the plaintiff on behalf of the corporate maker, the first check being dated February 28, 1958 (also the due date of the first note) and returned unpaid because of insufficient funds. Thus, the plaintiff contends, the defendant, as major stockholder and president of the corporate maker, had full knowledge of the inability of the corporation to make payment and thereby waived presentment and notice of dishonor of the notes.
It is well-settled law that indorsers are secondarily liable and, to fix their liability, presentment for payment and notice of dishonor to them, unless waived either expressly or by implication, ar.e essential. (See Negotiable Instruments Law, §§ 3,130,142,160,180.) Plaintiff admits that it did not present the first note for payment and that it did not give any notice of dishonor to the defendant on either note. Thus, the sole question presented is whether the admitted facts spell out the waiver here claimed.
In the leading case of Goldstein v. Brastone Gorp. (254 App. Div. 288, affd. 279 N. Y. 775) the precise issue was before the court. It held that there was no waiver there; that the fact that an indorser is also an officer of the corporate maker, thereby *623 having knowledge of the due date of the note and of the insolvency or bankruptcy of the corporation, furnishes no excuse for failure to give notice. The court reasoned that the officer, who may also be the indorser, is treated as a stranger entitled to notice and that the implied waiver must be plainly established and will not be inferred from doubtful or equivocal acts or language. But plaintiff in the case at bar urges that the fact that the defendant gave to pla,intiff a series of postdated checks on behalf of the defendant maker is sufficient evidence of defendant’s knowledge that the maker never intended to pay the notes, and that this constituted an unequivocal act of waiver by implication. Clearly, this act alone does not constitute a waiver. It proves the contrary as the photostatic copies of the four corporate checks, each in the sum of $50, dated January 31, 1958, February 7, 1958, February 14, 1958 and February 21, 1958 is documentary proof of the maker’s intent to meet its obligations.
The cases cited by plaintiff (O’Bannon Co. v. Curran, 129 App. Div. 90; Nemzer v. Goldman, 1 Misc 2d 436; Adam Metal Supply v. Trauth Mfg. Co., 276 App. Div. 997) are distinguishable. In Nemser and O’Bannon the officer indorsers actively instituted bankruptcy proceedings on behalf of the corporate maker prior to the maturity of the notes. In Adam Metal Supply the indorser officer actively entered into an agreement with its creditors, including the plaintiff, two days before the maturity of its note (as revealed by an examination of the record on appeal). In each of these cases the conduct of the indorsers prevented the corporate maker from meeting its obligations prior to the due date of the notes. In the instant case defendant went into bankruptcy after the due date of the first note and there is added evidence of payments prior to the due date and prior to the filing of bankruptcy. There was no waiver here. Hence the plaintiff’s failure to give defendant the required notice of dishonor on both notes releases the defendant indorser from liability. It seems appropriate to here recall the language of the court in Goldstein (supra), appearing on page 291: “It may seem a drastic rule to require notice of dishonor under such circumstances; but by long custom and by statute the rules of liability and non-liability have been determined. If exceptions are made to fit particular circumstances, then the purposeful rigidity of the law is frittered away.”
Plaintiff’s motion is denied in all respects. Defendant’s cross motion is granted in all respects.
Settle order on notice.